## Hays *vs.* Urquhart.

(Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.)

1. When a bill is amended materially after answer, a demurrer to the whole bill as amended will be entertained

2. Where the gravamen of a bill in equity is a tort committed by the defendant in extorting a promissory note, which was the property of complainant, from her possession by the defendant and her husband, and complainant waited until the said note had been sued to judgment by the defendant, and until the action for the tort was barred by the statute of limitations without the allegation of any good and sufficient reason for such delay, equity will apply the statute of limitations to the complainant's bill and refuse relief.

Equity.   Practice in the Superior Court.   Before Judge Hood.   Early Superior Court.   April Term, 1879.

Mrs. Hays filed her bill against Urquhart, alleging, in brief, as follows: She was the holder of a promissory note due by one King, January 1st, 1874, payable to herself as bearer.   In 1873 Urquhart and complainant's husband came to the house together, both being under the influence of liquor, and by threats of violence compelled her to give the note to the former without any consideration.   In 1875 defendant sued the note, and in 1878 obtained judgment for the balance due thereon.   Defendant is insolvent; he has already collected $65.50 on the note, and unless restrained will collect the balance.   The object of the bill was to have defendant enjoined from further interfering with the judgment, to have it declared to be her property, and delivered to her.   Discovery was waived.

The answer denied the material allegations of the bill, and set up that defendant purchased the note from complainant's husband, the latter stating that he had to sell it in order to get supplies to run his farm for the benefit of himself and family; that complainant acquiesced in the trade, and that he never heard of any dissatisfaction on her part until a year or two afterwards.

Complainant amended her bill by alleging that after defendant got the note and before he brought suit, he received on it about $125.00, that he knew of the fraud which had been perpetrated upon her, and the violence used; that within a few days thereafter she notified him of her dissatisfaction; that she employed an attorney to represent her and protect her rights, who stated to her that he would make her a party to the suit on the note, as defendant agreed for her rights to be tested in that suit; and that, relying on his statements, she had not brought suit against defendant until the filing of this bill.

Defendant demurred to the amended bill, one ground of demurrer being the statute of limitations.   The court sustained the demurrer and the complainant excepted.

R. H. POWELL, by brief, for plaintiff in error.

E. C. BOWER, for defendant.

JACKSON, Justice.

The chancellor was right, we both think, to deny the application for the injunction. If the disputed facts on other points did not control the case under the repeated rulings of this court in respect to the discretion of the chancellor, the statute of limitations would settle it against the injunction. The gravamen of the bill rests upon an alleged tort in forcibly taking the note from the complainant, and she waited without reasonable excuse until judgment was had on the note, and the tort was barred at law. She is also barred in equity. Code, §3059, 2924.

Judgment affirmed.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]