## 62311. FLINT WOOD, INC. v. WIREGRASS PULPWOOD & TIMBER COMPANY.

SOGNIER, Judge.

Flint Wood, Inc. entered into a timber lease with Toliver which provided for the sale of "all pine and merchantable timber as layed out and marked for cutting by Mayo Livingston, Registered Forrester, on the following described property, to-wit: . . ." The lease further provided that Flint Wood was to advance Toliver $110,000 to be applied toward the timber to be cut; if Flint Wood cut more than $110,000 worth of timber, it would pay for it at the same rate as the prepaid timber. The lease also provided for reimbursement of Flint Wood if there was a shortage of timber.

The lease was for four years and during this period of time, Wiregrass Pulpwood and Timber Company (Wiregrass) purchased certain timber from Toliver and cut the timber on property that had been described in the lease to Flint Wood. There was no evidence that the timber cut by Wiregrass was marked.

Flint Wood sued Wiregrass for the value of the timber cut claiming that all the timber on Toliver's property, whether marked or unmarked, was subject to the lease. The trial court directed a verdict in favor of Wiregrass and Flint Wood appeals.

Appellant contends that the trial court erred in directing a verdict in favor of Wiregrass and in holding that the timber lease was clear and unambiguous with regard to identifying the timber to which appellant was entitled. Appellant contends that he was entitled to *all* timber on the tract of land covered by the lease and that appellee wrongfully cut and removed approximately $16,000 worth of timber.

The trial court construed the contract to mean that appellant was only entitled to the timber that was "layed out and marked for cutting." Paragraph 8 of the lease provides: "Flintwood, Inc., is to advance to Richard Toliver $110,000.00 to be applied toward the timber to be cut from the above described property. Credit is to be given Richard Toliver as the timber is cut on the rate Schedule hereinabove referred to and attached to this lease. All cuttings will be credited against this advancement until the full amount is accounted for and *if any further* timber is cut the same rate schedule will apply . . ." (Emphasis supplied.) Paragraph 9 of the lease provides: "In the event there is not sufficient timber on the above described property using the rate schedule attached hereto, to reimburse Flintwood, Inc. for the advancement, Richard Toliver . . . agree[s] to reimburse Flintwood, Inc. for the shortage."

Appellant contends that these paragraphs were meant to convey all of the timber to him, regardless of any marking on the trees. We do

not agree. The specific description of the subject matter of the contract is that timber which has been layed out and marked. Reference, if any, to other timber in the lease is general in nature and the words containing the specific description should prevail. *Shackelford v. Fitzgerald,* 151 Ga. 35, 39 (105 SE 597) (1920). In reconciling the provisions of the lease, we construe Paragraphs 8 and 9 regarding any overage or deficiency to refer to marked timber; i.e., if the marked timber was more than $110,000 worth, any overage cut would be paid for at the rate provided for in the lease. Likewise, any deficiency in marked timber would result in a refund at the same rate. The lease, having specifically identified the timber to be cut, can be construed no other way. The construction of a contract is a matter of law for the court, and where the intention of the parties is clear, sufficient words being used to arrive at that intention, the contract will be enforced. The intention of the parties is determined from consideration of the entire contract, and if possible, all of its provisions should be interpreted to harmonize with each other. *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 674 (1) (34 SE2d 839) (1945).

The evidence disclosed that sufficient marked timber was available to appellant pursuant to the lease. Appellee was entitled to the timber that he cut and a directed verdict in his favor was correct.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1981.

*Ralph C. Smith, Jr.,* for appellant.
*Tracy Moulton, Jr., Ronnie Joe Lane,* for appellee.