### 39215. CANTRELL et al. v. HENRY COUNTY.

GREGORY, Justice.

Appellant Cantrell is the developer of a Henry County mobile home subdivision in which the remaining four appellants own lots. The controversy between the parties arises out of water service to that subdivision, where three of the appellant lot owners reside.

Cantrell sought authorization for permanent water service to a part of this subdivision, first in 1973, then in 1979. Henry County granted the request in 1979 provided Cantrell pay the cost of material for the six inch permanent water line prior to the commencement of any construction. Cantrell agreed to this, and Henry County ordered the materials.

It is the policy of Henry County that the county will provide water service to new subdivisions, but the developer must pay for the materials necessary to construct the water lines. Testimony showed that the practice in Henry County was to require payment of the material costs from the developer before even ordering the necessary materials. That practice was not followed in this case.

The county received the ordered materials, laid the materials out along the proposed water line route, and requested Cantrell pay

the material costs (at that time, $5,000). Cantrell did not pay the material costs as requested, so Henry County removed the materials to storage in July of 1980.

In September of 1981, Cantrell sought to install, at his own expense, a two inch pipeline to temporarily service the subdivision until a permanent six inch line could be installed. The trial court found that Henry County agreed to this, provided Cantrell first pay the material costs to construct the permanent line before constructing the temporary pipeline. Without paying the required material costs (now $6,800), Cantrell constructed the temporary two inch line.

Appellants Head, Webb and Daniel each sought to purchase one of Cantrell's lots in this subdivision for the purpose of living there in their mobile homes. It was essential to these three appellants that county water service be available because no alternate source of water is available for the lots. From talking to both Cantrell and the Henry County Water and Sewerage Authority Administrator, these appellants understood that water service would presently be available on a temporary basis through the two inch line constructed by Cantrell. It is also clear that these appellants believed that this temporary service would continue until a permanent six inch line was installed by Henry County. Neither Cantrell nor the county administrator informed these appellants that use of the two inch line or installation of the permanent six inch line would be contingent on Cantrell's payment of the $6,800 material costs for the six inch line. The individual lot owners testified they would not have purchased the lots if they had known that water service was only temporary and the installation of a permanent line was uncertain.

After the county administrator told appellant Head that water service would be available, Head paid for the lot and moved his mobile home and family onto the lot. During this time, Cantrell connected the two inch temporary line to Henry County's main water line without authorization from the county and without paying the $6,800 material costs.

On October 4, 1981, Head paid a deposit to Henry County for water service and was given a receipt. That same day, appellant Webb applied for water service for his lot, made a water service deposit which was accepted by Henry County, and received a receipt for his deposit. Webb then purchased his lot. On October 8, 1981, the county administrator discovered that Cantrell had illegally connected his two inch line to the county water system. On October 14, 1981, appellant Daniel made a deposit for water service to his lot which was accepted by Henry County, then he moved his mobile home onto the lot. The record shows no attempt by Henry County to return or

refund the water service deposits to appellants.

Henry County brought suit seeking authorization to discontinue water service to those appellants who receive water through the two inch service line constructed by Cantrell and an injunction against Cantrell from further tampering with the Henry County water facilities. The trial court found that Henry County had the authority to refuse to furnish water to anyone who fails or refuses to comply with its water system rules and regulations. Since Cantrell had refused to comply with those rules and regulations, the court found it proper to discontinue service to the subdivision.

The trial judge rejected Cantrell's argument that, with respect to him, the county had an adequate remedy at law (i.e., a suit on a contract for a money judgment for $6,800), and the remaining appellants' argument that they had paid a deposit entitling them to water service and that they will suffer irreparable damage if the water service is discontinued.

The trial judge enjoined Cantrell from further interfering with, tampering with, or connecting onto the public water lines of Henry County. Appellants do not challenge this on appeal. He also authorized Henry County to disconnect the two inch service connection that was installed by Cantrell. However, the trial court ordered Henry County to withhold disconnection of the service line for thirty days from the date of the order. During this period, Cantrell may pay Henry County the $6,800 material costs for construction of the permanent six inch line. If those material costs are paid, Henry County must continue to provide water service through the two inch temporary line until a permanent line is installed to service the area.

It is this portion of the order from which the appellants submit their appeal. For reasons which appear below, we reverse that portion of the judgment of the trial court which authorized disconnecting water service to the subdivision.

1. With respect to appellant Cantrell, we believe the equitable relief granted by the trial judge is inappropriate because Henry County has an adequate remedy at law against Cantrell. See OCGA §§ 23-1-3 (Code Ann. § 37-102), 23-1-4 (Code Ann. § 37-120).

Equity will grant relief only where there is no available adequate and complete remedy at law. *Waller v. Conner,* 218 Ga. 633 (129 SE2d 845) (1963); *Colston v. Hutchinson,* 208 Ga. 559 (67 SE2d 763) (1951). Based on a complete review of the transcript and trial court order, we believe an adequate and complete remedy at law in the form of an action in implied assumpsit or quasi-contract was and is available against Cantrell. See Corbin on Contracts, §§ 19, 20, 102 (1963); 7 CJS 127, Assumpsit, Action of, §§ 3, 6, 10; 17 CJS 554, Contracts, §§ 4, 5, 6; Dobbs, Handbook on the Law of Remedies, § 4.2 (1973).

Assumpsit, while arising out of applications of equitable principles, is an action at law, by reason of its origin in the common-law courts, still recognized and protected by our courts. *Jasper School District v. Gormley,* 184 Ga. 756 (193 SE 248) (1937); *Meager v. Linder Lumber Co.,* 1 Ga. App. 426 (57 SE 1004) (1907). As expressed in our case law, " '[t]he form of the action of assumpsit known as general or indebitatus assumpsit is founded on what the law terms an implied promise on the part of the defendant to pay what in good conscience he is bound to pay the plaintiff.' " 1 Ga. App., supra, at p. 429. Stated in other terms, *"Implied assumpsit* is an undertaking presumed in law to have been made by a party, from his conduct, although he has not made any express promise." *Bass v. Cates,* 74 Ga. App. 363, 369 (39 SE2d 550) (1946).

The trial judge found that in 1981 an agreement was negotiated between Cantrell and Henry County. Under this agreement, Henry County promised to install a permanent water service line to Cantrell's subdivision and promised to permit Cantrell to install and connect to the county main a temporary two inch water line to service the subdivision until permanent service was available. Henry County's duty to perform either of these promises did not arise, however, until Cantrell performed the condition precedent of paying the $6,800 permanent line material costs. Cantrell never paid the $6,800, so Henry County's duty to perform never arose.

Although under the express contract no duty to perform ever arose, we believe, without deciding the merits of that issue, that Cantrell's conduct presents a case for analysis under the principles of assumpsit expressed above. There was evidence here that Cantrell understood he, as the developer, must pay the material installation costs before permanent water service would be available to his subdivision; Cantrell represented to prospective lot owners that water service would be available to this area, enabling him to materially benefit by selling them their lots; and without authority, Cantrell constructed a temporary water line and connected it to the county water main. Based on representations from Cantrell, Henry County accepted deposits from the new lot owners and assured them that water service would be available to their lots. The foregoing evidence indicates that Cantrell has, in effect, caused all the other parties to this litigation to substantially alter their positions in reliance on his representations to them. In such a case as this, an action in assumpsit for the $6,800 will lie.

The record and the order of the trial court suggest that such a money judgment against Cantrell would provide Henry County complete relief with respect to Cantrell. The record fails to affirmatively disclose that such a remedy would not be adequate.

Henry County argues on appeal that a money judgment against Cantrell in such a suit would not provide complete relief because the continued use of the two inch temporary service line jeopardizes the health and safety of the residents and the ability of the system to maintain adequate water pressure in their lines since the two inch service line was not constructed in conformity with Henry County's rules and regulations. This argument is not supported by the record.

The record does not affirmatively disclose nor did the trial judge find that the construction of the two inch service line poses a health or safety hazard. The only such evidence was testimony of a "blow-out" of one glued joint on the two inch line which caused water to leak from the joint until the coupling in it was replaced. The trial court order also fails to support this contention. The order would allow the continued use of the two inch service line if Cantrell simply pays the $6,800 requested by Henry County. Such a provision would clearly be inappropriate if use of the two inch line posed serious health and safety problems.

A complete and adequate remedy at law exists against Cantrell. With respect to him, the equitable relief granted by the trial court was inappropriate.

2. With respect to the remaining appellants, we believe the relief ordered by the trial court is inappropriate when the equities of each party are considered and balanced against one another.

OCGA § 23-1-11 (Code Ann. § 37-107) provides in part: ". . . If equities are unequal, the superior equity shall prevail . . ." When we consider all the facts presented in this case, it appears that the equities in favor of the appellant lot owners are superior to those of Henry County, and the trial court abused its discretion in ordering the equitable relief here. See *MARTA v. Wallace,* 243 Ga. 491 (254 SE2d 822) (1979).

It is clear that Henry County is responsible to some extent for the current plight of the appellant lot owners. Based in part on representations from Henry County that water service was available in this subdivision, these appellants purchased lots and moved their families and mobile homes onto the lots. While Henry County did tell these parties that the present water service through the two inch line was temporary, the testimony showed that all parties, including Henry County officials, understood this to mean only that the two inch line would later be replaced by a permanent six inch line. Henry County did not inform these appellants that installation of a permanent line would be contingent upon Cantrell's payment of $6,800. Henry County accepted water service deposits from these lot owners both before and after it became aware that Cantrell had illegally connected the two inch temporary line.

The appellants, as prospective lot owners, had no notice that future water service to this subdivision was subject to any contingencies. Henry County treated them as routine water service customers. Based partly on the actions and representations of Henry County, these appellants purchased the lots and moved onto them. The record shows that disconnecting the current water service to these appellants would work an extreme hardship on them. Considering the equities of these parties, we believe the trial court abused its discretion in ordering the water to the subdivision disconnected.

Henry County raises one final objection which must be addressed, that the appellant lot owners should not be allowed to profit from appellant Cantrell's illegal actions. While we agree that one party should not profit from another's illegal actions, we feel it is essential in this particular case to separate the dispute between Henry County and Cantrell from the dispute between Henry County and the remaining appellants.

Appellant Cantrell appears to be the party responsible for all the violations of Henry County's rules and regulation in this case. The relief granted by the trial court was fashioned in order to pressure Cantrell to pay Henry County the $6,800 material costs he had agreed to pay for installation of a permanent line. The relief granted, however, works a real hardship on the remaining appellants, who are blameless in this affair.

We find that by its actions Henry County is now obligated to provide water service to the appellant lot owners. A direct legal remedy against Cantrell is available in the form of an action in assumpsit.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 6, 1983.

*Chambers, Chambers & Chambers, John W. Chambers, Sr., John W. Chambers, Jr., Timothy D. Chambers,* for appellants.
*A. J. Welch, Jr., Rodney G. Meadows,* for appellee.