68181. SUN VALLEY, INC. v. SOUTHLAND BONDED WAREHOUSE, INC.

SOGNIER, Judge.

Sun Valley, Inc. sued Southland Bonded Warehouse, Inc. (Southland) for damages allegedly arising from Southland's negligent storage of Sun Valley's television sets and other appliances. Both Sun Valley and Southland moved for partial summary judgment on the issue of the construction to be given a limitation of liability clause. The trial court granted Southland's motion for partial summary judgment and denied Sun Valley's motion. Sun Valley appeals.

A storage agreement was drawn up between the parties in February 1981 which established a monthly storage rate for each item to be stored in the warehouse, which varied in amount according to the type of item to be stored. The agreement further provided: "THE DEPOSITOR DECLARES THAT *DAMAGES ARE LIMITED TO 100 times the monthly storage rate*, PROVIDED, HOWEVER, THAT SUCH LIABILITY MAY AT THE TIME OF ACCEPTANCE OF THIS CONTRACT AS PROVIDED IN SECTION 1 BE INCREASED ON PART OR ALL OF THE GOODS HEREUNDER IN WHICH EVENT A MONTHLY CHARGE OF 1% of the excess value CLAIMED WILL BE MADE IN ADDITION TO THE REGULAR MONTHLY STORAGE CHARGE." (Emphasis supplied.) Although appellant did not sign the agreement, it does not controvert that its actions in tendering to and depositing goods with appellee that same month constituted acceptance under the terms of the agreement. On the reverse side of the warehouse receipts issued to appellant upon appellee's receipt of the goods, there was also included a limitation of liability provision which stated: "LIABILITY for loss or damage shall be limited to the actual value of the goods stored;

and *in no case shall liability exceed 100 times the base storage rate* unless an excess value is declared by the storer at the time the goods are stored." (Emphasis supplied.) Appellant did not declare any excess value or pay any excess value rates as provided for respectively in the warehouse receipts and storage agreement. When an inventory of the stored goods was taken in December 1981, it was discovered that goods totaling $11,787.25 were missing.

Appellant contends the trial court erred by granting appellee's motion for partial summary judgment and denying its motion for partial summary judgment.

(1) Appellant contends the liability provision in the storage agreement should be construed as limiting appellee's liability to 100 times the storage rate for *all* items stored by appellant in appellee's warehouse for the month in which the loss of some of the items was discovered. Appellee, on the other hand, asserts that the provision limits its liability to 100 times the monthly storage rate per item lost or missing. We agree with appellee's construction of the liability provision. The storage agreement from the outset clearly sets forth the storage rate to be applied monthly for *each* item stored and then explicitly limits appellee's liability to 100 times the monthly storage rate. "The construction of a contract is a matter of law for the court, and where the intention of the parties is clear, sufficient words being used to arrive at that intention, the contract will be enforced. The intention of the parties is determined from consideration of the entire contract, and if possible, all of its provisions should be interpreted to harmonize with each other. [Cit.]" *Flint Wood, Inc. v. Wiregrass &c. Co.*, 160 Ga. App. 91, 92 (286 SE2d 326) (1981). We hold that the trial court was correct in granting appellee's motion for summary judgment and in denying appellant's summary judgment motion.

(2) We do not agree with appellant that the use of "base storage rate" in the warehouse receipts was inconsistent with the term "monthly storage rate" used in the storage agreement. We cannot discern, nor does appellant suggest, any meaning for the word "base" here other than "monthly." Furthermore, any difference between the documents in the amount of excess value rates is not relevant here since appellant did not utilize that portion of the liability provisions.

(3) Appellant also argues that the liability provision (100 times the base/monthly storage rate) was void because it failed to comply with OCGA § 11-7-204 (2). That statute provides: "Damages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable . . . ." Appellant argues that the provision failed to limit liability explicitly on a per item basis. We do not agree. The agreement and the receipts limit

appellant's recovery to 100 times the "base" or "monthly" storage rate. The storage agreement imposed a monthly rate of $.25, $.35, or $.70 per item stored. This language was sufficiently explicit to comply with OCGA § 11-7-204 (2). See Inland Metals Refining Co. v. Ceres Marine Terminals, 557 FSupp. 344, 350 n. 9 (N.D. Ill. 1983). See also World Prods v. Central Freight Service, 222 FSupp. 849, 852 (D.N.J. 1963).

Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.

DECIDED JUNE 18, 1984.

Robert K. Picker, Jr., for appellant.

John H. Fleming, Richard L. Robbins, Robert W. Fisher, Robert K. Scott, for appellee.