## 75391. ATLANTA EYE CARE, INC. v. AETNA CASUALTY & SURETY COMPANY.
### (364 SE2d 634)

SOGNIER, Judge.

Atlanta Eye Care, Inc. brought suit against Aetna Casualty & Surety Company to recover payment for fire damage under a business owner's policy issued to it by Aetna. The trial court granted Aetna's motion for summary judgment and denied Atlanta Eye Care's motion for summary judgment. This appeal ensued.

Appellant, as tenant, negotiated a lease agreement for unfurnished retail space in 1982. The lease provided that "[l]andlord agrees to contribute $8,000.00 to tenant improvements to be reimbursed to [appellant] upon lien waiver releases." Appellant spent $19,015.55 of its own funds to improve the leased premises and, upon completion of the work, was reimbursed $8,000 by the landlord pursuant to the lease agreement. The $8,000 was used to help defray the costs of the improvements. Appellant thereafter entered into an insurance policy with appellee that provided coverage for business personal property as follows: "(5) Tenants improvements and betterments. This means *your* use interest in fixtures, alterations, installations, or additions *you* pay for (exclusive of *your* rent) that are a part of the building *you* rent and that cannot legally be removed." When appellant's leased premises were substantially damaged by fire in January 1985, appellee paid all but $8,000 of appellant's claim for damage to its improvements and betterments.

We affirm the trial court's grant of summary judgment to appellee and the denial of appellant's motion for summary judgment. The issue here is not, as appellant argues, whether it had an insurable interest in the $8,000 worth of improvements and betterments or whether it was obligated under its lease to expend the $8,000 solely on the improvements. Rather the issue is whether the coverage appellant did purchase extends to the property in question. The evidence is uncontroverted that appellant's lease agreement entitled it to an $8,000 reimbursement for improvements and that the $8,000 it received from its landlord was expended for that purpose. Appellant's arguments about the $8,000 reimbursement serving as an incentive to enter into the lease agreement do not rebut the uncontroverted fact that appellant did not pay for $8,000 of the improvements. Since appellant did not purchase replacement coverage from appellee but instead purchased coverage only for those improvements and betterments for which it had paid, appellee was not obligated under the plain language of the policy to recompense appellant for damage to improvements and betterments paid for by appellant's landlord. See generally *Sun Valley v. Southland Bonded Warehouse*, 171 Ga. App. 233, 234 (1) (319 SE2d 91) (1984). The cases cited in defense of its

position by appellant are factually distinguishable from the case at bar and therefore do not support appellant's contentions.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 11, 1988.

*Daryl G. LeCroy*, for appellant.

*Marvin A. Devlin, Arnold Wright, Jr., Lance D. Lourie*, for appellee.