A97A1166. JURISCO, INC. v. BANK SOUTH, N.A. et al.
(492 SE2d 765)

ANDREWS, Chief Judge.

Jurisco, Inc. appeals from a court order directing the clerk of court to pay out $100,000 deposited with the court by Bank South in an interpleader action on proceeds due under a letter of credit. Jurisco claims the money should not have been paid pursuant to the letter of credit because American Bonding Company's (ABC's) attempt to draw on the entire letter of credit constitutes fraud and also because the deputy receiver who presented the letter of credit for payment was not an "authorized officer of the American Bonding

Company," as required by the terms of the letter of credit. We disagree and affirm the judgment of the trial court.

This action arose as the result of a Producer Agreement between Jurisco and ABC under which ABC authorized Jurisco to receive and accept proposals for the issuance of bonds. ABC requested the letter of credit from Bank South because Jurisco was responsible under the agreement for paying all bond claims submitted of $50,000 or less.

On April 19, 1995, Bank South wrote to ABC, which was in receivership at the time, and informed it that the letter of credit was due to expire on May 25 and would not be renewed. At that time, ABC claimed Jurisco owed approximately $53,000 plus interest on the account balance for premiums collected which had not been forwarded to ABC.

Accordingly, on May 9, 1995, ABC sent a demand to Bank South for payment on the letter of credit. Bank South determined the documents accompanying the demand were in compliance with the letter of credit and it should be paid.

On May 18, 1995, Jurisco filed suit against Bank South, seeking a temporary restraining order preventing it from paying ABC. Jurisco attached to its complaint a copy of an order from the Georgia Commission of Insurance suspending ABC's Certificate of Authority and ordering it to cease and desist from writing insurance in Georgia. Also attached to the complaint was an order from the Department of Insurance of Arizona suspending ABC's authority to transact new and renewal insurance business, other than surety, in Arizona.

The court held a hearing which Bank South did not attend, and granted Jurisco an order preventing Bank South from paying the letter of credit. ABC, after learning of the restraining order, filed a motion to intervene and a motion to dissolve the restraining order. On May 24, 1995, the court granted ABC's motion to intervene and ordered Bank South to pay the $100,000 letter of credit into the registry of the court. On June 26, 1995, ABC filed a Claim, Response and Answer of Intervenor, claiming the funds in the registry.

ABC then filed a motion for summary judgment, claiming it had complied with the terms of the letter of credit and was entitled to the $100,000. On July 15, 1996, the court denied the motion and ruled the parties should go to arbitration on the underlying contract issues. In this order, the court dismissed Bank South as a defendant and designated the intervenor, ABC, as defendant in the case. ABC filed a Motion for Reconsideration, arguing that any contract disputes under the Producer Agreement were not properly before the court and should not have been considered in a summary judgment motion based solely on whether the criteria for payment of the letter of credit were met. ABC contended Jurisco had an adequate remedy at law and should pursue its breach of contract or fraud claims in a different

action.

After hearing argument on the Motion for Reconsideration, the court found, pursuant to the "independence principle" which governs payment on letters of credit, that ABC had complied with the requirements for payment and ordered the Clerk to pay the $100,000 to ABC.

On November 12, 1996, after ABC received the funds, Jurisco filed an Emergency Motion and Brief for Protection pursuant to OCGA § 9-11-62. The court issued an Amended Order on Motion for Reconsideration denying Jurisco's request for protection under OCGA § 9-11-62. Jurisco now appeals both this order and the order directing payment of the funds to ABC.

The letter of credit in question provided that payment would be available to ABC "against your draft at sight drawn on Bank South, N.A. . . . and accompanied by the following documents:

"(1) The original of this letter of Credit and all amendments thereto, if any, must be presented at the time of any drawing hereunder for our endorsement.

"(2) A signed written statement from an authorized officer of the American Bonding Company that:

"(a) 'Jurisco, Inc. is in specific default of its agency's agreement with American Bonding Company dated June 16, 1993, to cause American Bonding Company a loss or incurred expense'; OR

"(b) 'Jurisco, Inc. has failed to remit, in accordance with its agency's agreement with American Bonding Company dated June 16, 1993, account current balances due American Bonding Company'; OR

"(c) 'Jurisco, Inc. for failure to [sic] reimburse company for any claim as agreed to under said contract or provided under Section 2 of the profit sharing agreement.'

" 'This letter of Credit sets forth in full the terms of our undertaking and such undertaking shall not in any way be modified, amended, or amplified by reference to any document(s), instrument(s), contract(s), or agreement(s) referred to herein or in which this letter of Credit is referred to or to which the letter of Credit relates, and any such reference shall not be deeded [sic] to incorporate herein by reference any document(s), instrument(s), contract(s) or agreement(s).' "

1. First, Jurisco argues that Michael FitzGibbons, the receiver for ABC, was not "an authorized officer of the American Bonding Company," as required under the letter of credit. Jurisco claims the parties did not intend to allow the situation to arise where a receiver would be able to demand payment on a letter of credit. But, this does not affect the bank's obligation to pay. "Unless certain narrow exceptions apply, issuer must disregard what it cannot glean from care-

fully examining the face of required documents as presented. Beyond that examination, issuer has no duty to look deeper for forgeries, falsifications, inaccuracies, or other defects in the documents. Nor is issuer bound to look beyond the four corners of presented documents for facts that might cure discrepancies, omissions, or inconsistencies in the papers." (Footnotes omitted.) James J. White & Robert S. Summers, Uniform Commercial Code, § 26-5 at 139 (4th ed. 1995).

There is an issue, however, as to whether a successor by operation of law, such as a receiver or a trustee, may demand payment on a letter of credit. There is no Georgia case law on this subject and other states are divided on the issue. But, it is important to note that this issue will be resolved under Revised Article V, Section 5-113.[1] The Revised Code resolves this conflict in the laws by allowing a successor by operation of law to demand payment on a letter of credit. White & Summers, supra, § 26-12 at 199.

In looking to other states' case law, some courts have held that a party who succeeds by operation of law may demand payment, while another line holds that "strict compliance" requires the opposite result. White & Summers, supra, § 26-12 at 198-199. See, e.g., *Eakin v. Continental Ill. Nat. Bank*, 875 F2d 114 (7th Cir. 1989); *In re Swift Aire Lines*, 30 BR 490 (1983); *Pastor v. Nat. Republic Bank*, 390 NE2d 894 (1979).

Georgia has not adopted the standard of "strict compliance" with regard to complying with the terms of the letter of credit. In *First Nat. Bank v. Wynne*, 149 Ga. App. 811 (256 SE2d 383) (1979), this Court held "that if from all the documents presented to the issuer by the beneficiary there is *substantial* compliance with the terms of the letter of credit *and* there is no possibility that the documents submitted could mislead the issuer to its detriment, there has been compliance with the letter of credit. (Citations omitted, emphasis supplied.) *Wynne*, supra at 817. Accordingly, under Georgia law, it seems indicated that "substantial" rather than "strict compliance" is the applicable standard. Compare *Vass v. Gainesville Bank &c.*, 224 Ga. App. 259, 261 (480 SE2d 294) (1997), stating that since the documents submitted to the bank failed to strictly comply with the letters of credit, the bank had no duty to honor the demand and citing to *Wynne*, supra.[2]

---

[1] Although the Georgia Legislature has recently adopted Revised Article III, it has not adopted Revised Article V as yet. Douglas D. Selph, Understanding and Using Letters of Credit, Ga. Bar Journal, August 1997, Vol. 3, No. 1, pp. 24, 25.

[2] This issue is settled by Revised Article V which adopts the strict compliance standard. White & Summers, supra, § 26-7 at 159. However, as White & Summers explains, "[d]espite the fact that the revision adopts the strict compliance standard, the comments explicitly embrace the holding in *New Braunfels*: 'strict compliance means something less than absolute, perfect compliance.'" Id.; *New Braunfels Nat. Bank v. Odiorne*, 780 SW2d 313 (Tex.

However, this is not crucial to our determination, as some cases reason that the liquidator is a representative of the beneficiary and even under strict compliance the issuer would not be misled by the presentation. White & Summers, supra, § 26-12 at 198. Therefore, for these reasons and in light of the fact that under Revised Article V a successor by operation of law will be able to draw on the letter of credit, we find that the beneficiary was entitled to make a demand for payment on the letter of credit.

2. The trial court correctly determined that the "independence principle," codified at OCGA § 11-5-114, required the Bank to pay on the letter of credit. OCGA § 11-5-114 provides in pertinent part: "(1) An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary." In other words, the independence principle "states that the bank's obligation to the beneficiary is *independent* of the beneficiary's performance on the underlying contract. Put another way, the issuer must pay on a proper demand from the beneficiary even though the beneficiary may have breached the underlying contract with the applicant." White & Summers, supra, § 26-2 at 113. See also *Dibrell Bros. Intl. v. Banca Nazionale Del Lavoro*, 38 F3d 1571, 1579 (11th Cir. 1994).

Jurisco states that the independence principle does not apply when there is fraud involved. OCGA § 11-5-114 (2). But, Jurisco has not put forward any evidence sufficient to show fraud either in the submission of the letter of credit or in the underlying transaction.

Jurisco argues that because ABC stated in its Claim Response and Answer that it requested relief in the amount of $100,000 or, in the alternative, the $53,287 it claims was owed by Jurisco, it could not demand payment of the full letter of credit because the full amount was not owed. Jurisco contends that this demand for the full amount constituted fraud by ABC.

Pretermitting the issue of whether ABC was entitled to demand the full amount under the letter of credit,[3] Jurisco's complaint does not allege fraud and the allegations in its brief are not sufficient to show fraud. Also, there is no evidence that ABC ever misrepresented to Bank South or Jurisco the amount actually owed.

Moreover, the fraud required to enjoin payment on a letter of Credit must be "fraud so serious as to make it obviously pointless

App. 1989).
[3] The letter of credit itself does not require documentation of the exact amount of money owed. As set out above, it requires only a signed written statement that Jurisco is in default under its agency agreement with ABC, has failed to remit current account balances due, or has failed to reimburse ABC for a claim.

and unjust to permit the beneficiary to obtain the money. . . . Where the beneficiary's conduct has so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligation would no longer be served. . . ." (Citations and punctuation omitted.) *Ground Air Transfer v. Westates Airlines,* 899 F2d 1269, 1272-1273 (1st Cir. 1990), cited by White & Summers, supra, § 26-10 at 181-182; *Philipp Bros., Inc. v. Oil Country Specialists*, 709 SW2d 262, 265 (Tex. App. 1986); *N.Y. Life Ins. Co. v. Hartford Nat. Bank &c. Co.*, 378 A2d 562, 567 (1977); *Intraworld Indus. v. Girard Trust Bank*, 336 A2d 316 (1975).

Accordingly, the fraud exception to the "independence principle" does not apply in this case as the record shows nothing fraudulent in ABC's demand for payment. Thus, pursuant to the "independence principle," any issue as to whether ABC was entitled to the full amount of the letter of credit[4] is not before us. The sole issue before the trial court and thus the sole issue on appeal, is whether the documents presented by ABC to Bank South satisfied the prerequisites for payment on the letter of credit. We hold that they did and, therefore, the trial court did not err in ordering the money paid to ABC.

3. In light of our holding in Division 1 above, we need not address Jurisco's second enumeration of error. Likewise, ABC's motion to dismiss this appeal is denied as moot.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 14, 1997.

*Kilpatrick Stockton, Matthew H. Patton*, for appellant.
*Alston & Bird, Steven M. Collins, Siegel & Golder, Mark L. Golder, Lynn L. Carroll*, for appellees.

---

[4] On April 15, 1996, ABC submitted FitzGibbon's affidavit stating that, as of that date, Jurisco owed ABC $116,649.52.