A99A1197, A99A1328, A99A1329. STROZZO v. SEA ISLAND
BANK et al. (three cases).
(521 SE2d 392)

ELDRIDGE, Judge.

The Supreme Court ordered this case transferred to this Court for determination.

On September 23, 1997, Hampton County Warehouse, Inc. ("Hampton"), which operated a licensed bonded warehouse in Estill, South Carolina, had Sea Island Bank issue an irrevocable letter of credit, no. 339, in the amount of $262,500 to the South Carolina Department of Agriculture, Warehouse Division, to satisfy the statutory requirement under South Carolina law for obtaining a South Carolina warehouseman's license to handle agricultural products.

At the same time, Statesboro Warehouse, Inc. ("Statesboro") had Sea Island Bank issue a similar letter of credit for $150,000 to Thomas T. Irvin, Commissioner, Georgia Department of Agriculture, to obtain a warehouseman's license for handling agricultural commodities in Georgia.

The South Carolina letter of credit read in part:

> The funds under this Letter of Credit [were] available against sight draft(s) by the beneficiary. Each such draft, except as provided below, shall be accompanied by an affidavit from the Director of the Warehouse Division of the beneficiary stating that the customer, [Hampton], has failed to perform the duties and obligations of a licensed state warehouseman in conformity with the provisions of the South Carolina State System Law Section 39-22-10, et seq. [and the rules and regulations prescribed thereunder]. The affidavit shall state the amounts payable by the principal to the beneficiary due to the licensed warehouseman's failure to carry out his obligations under the law and regulations.

Statesboro's trust agreement stated:

The principal shall well and truly perform and fulfill all the duties as a public warehouseman, qualified under the Georgia State Warehouse Act, codified at OCGA § 10-4-2, et seq., and as a grain dealer, where applicable, under the Grain Dealers' Act, codified at OCGA § 2-9-30, et seq., and the rules and regulations promulgated thereunder, and all of its obligations under any warehouse agreement or any modifications thereof that may hereafter be made, notification of which modifications being hereby waived, with respect to commodities stored for any person, firm, association, or corporation, or stored or handled by grain dealers, or held by Commodity Credit Corporation or others, the aforesaid commodity owned by Commodity Credit Corporation or other persons who have purchased such aforesaid named commodities from Commodity Credit Corporation or others and producers who have redeemed such commodities from Commodity Credit Corporation or others, then the obligations of the Principal shall become null and void; otherwise said obligation shall remain in full force and effect. The terms were: (a) Any person damaged by failure of the principal to comply with any condition of this agreement, in a transaction occurring on or after the effective date of this agreement and before the termination date of this agreement in accord with its provisions, may recover under this agreement in accord with and subject to its provisions. Acts, omissions, or failures of authorized agents or representatives of the principal or persons whom the principal shall knowingly permit to represent themselves as acting for the principal shall be taken and construed to be acts, omissions, or failures of the principal and to be within the protection of this agreement to the same extent and in the same manner as if they were the personal acts of the principal. (b) The trustee shall not be liable to pay any claim for recovery under this agreement if[:] it does not meet applicable statutory requirements or absent any statutory requirements; it is not in writing and received by the trustee within 120 days from the date of the transaction on which the claim is based. The trustee shall after receiving such a claim notify the principal at the earliest practicable date. (c) The trustee, upon determination that funds are due to a claimant, shall draw funds pursuant to a letter of credit obtained under this agreement, as necessary to pay what is due to the claimant, up to the amount of such letter, and pay such funds to the claimant, except as otherwise provided hereinafter.

Hampton's and Statesboro's sole stockholder, officer, and manager, David Prosser, executed notes to Sea Island Bank in the amounts of $262,500 and $150,000 as security for the letters of credit. Dominic Strozzo, plaintiff-appellant, executed a guaranty of each note.

On July 17, 1998, the South Carolina Department of Agriculture forwarded a sight draft to Sea Island Bank demanding payment of $262,500. The accompanying affidavit and supporting documents set forth the factual basis, which Strozzo contends is inadequate to call the letter of credit. The facts show that Hampton and Statesboro, through Prosser, received cotton from over 50 farmers for storage in Georgia and South Carolina, but issued them no warehouse receipts. Prosser electronically transferred the electronic warehouse receipts ("EWR") to his trading company, Sea Island Cotton Trading Company; through it, sold the EWRs to mills and transferred EWRs to them; never obtained permission from the owners to transfer the EWRs or to sell the cotton; and never paid the farmers. Now Hampton, Sea Island Cotton Trading Company, Statesboro, and Prosser are in bankruptcy.

The South Carolina affidavit stated that three farmers' losses had been verified, but their claims affidavits were not attached to the demand.

On July 31, 1998, after the South Carolina sight draft was presented to Sea Island Bank, Strozzo filed action 1B98CV245 in the Superior Court of Bulloch County to block the payment by injunction. Strozzo contended that it was not Hampton who sold the cotton without permission, but Prosser, and that the farmers' affidavits had not been filed. The South Carolina Department of Agriculture petitioned to intervene, which petition was granted. The intervener moved to dismiss the equity action for injunction. After a hearing on August 28, 1998, the trial court dismissed the action. Strozzo filed his notice of appeal.

On October 28, 1998, Strozzo filed action 1B98CV336T in Bulloch Superior Court, which was identical to the above action. On December 3, 1998, the trial court dismissed this action as well. Strozzo appealed.

On November 5, 1998, Strozzo brought action 1B98CV342M to enjoin Sea Island Bank from paying the letter of credit to the Georgia Commissioner of Agriculture on the grounds that Prosser's acts were not the acts of Statesboro. On December 11, 1998, the trial court dismissed the action and ordered that $150,000 be paid to the State of Georgia, Department of Agriculture. Strozzo appealed.

*Case No. A99A1197*

1. Strozzo contends that the trial court erred in dismissing his complaint for injunction. We do not agree.

An injunction is distinctly an equitable remedy. *Howard v. Warren*, 206 Ga. 838, 839 (2) (59 SE2d 503) (1950). There is no equity jurisdiction where there exists an adequate remedy at law. See *Cantrell v. Henry County*, 250 Ga. 822, 824-825 (1) (301 SE2d 870) (1983); *Sherrer v. Hale*, 248 Ga. 793, 797-798 (2) (285 SE2d 714) (1982); *Morton v. Gardner*, 242 Ga. 852, 856-857 (252 SE2d 413) (1979); *Chadwick v. Dolinoff*, 207 Ga. 702, 703 (2) (64 SE2d 76) (1951).

> The universal test of the jurisdiction of a court of equity to issue injunctions is the absence of a legal remedy by which the complainant might obtain the full relief to which the facts and circumstances entitle him, and this is likewise the test of its power to restrain breaches of a contract.

(Citations omitted.) Id. Thus, where the relief sought can be obtained in a manner provided by law, a suit in equity will not lie. See OCGA §§ 23-1-3; 23-1-4; *Housing Auth. v. MMT Enterprises*, 267 Ga. 129 (1) (475 SE2d 642) (1996); *Cantrell v. Henry County*, supra at 826 (1); *Blackmon v. Scoven*, 231 Ga. 307, 310-311 (4) (201 SE2d 474) (1973); *Allen v. Hub Cap Heaven*, 225 Ga. App. 533, 540-541 (8) (484 SE2d 259) (1997).

Strozzo has a defense to any action on the guaranty. However, he seeks to assert it as a grounds for injunction and seeks to prevent both the transfer of the letter of credit and a subsequent suit against him on the guaranty. Thus, he seeks to use his legal defense in equity to avoid a suit in law. This he cannot do. There is no equity jurisdiction where there is an adequate legal remedy, i.e., a legal defense to a suit in law. See generally OCGA § 9-5-1; *Morton v. Gardner*, supra; *Provident Life &c. Ins. Co. v. United Family Life Ins. Co.*, 233 Ga. 540, 541 (2) (212 SE2d 326) (1975); *Stein Steel &c. Co. v. Briggs Mfg. Co.*, 219 Ga. 779 (135 SE2d 862) (1964); *Peavy v. Gen. Securities Corp.*, 208 Ga. 82 (65 SE2d 149) (1951). Thus, Strozzo cannot enjoin the bank from committing what he contends is an anticipatory breach of contract, i.e., paying the sight draft in violation of the terms of the letter of credit because, he contends, the failure to file the three affidavit claims of the certified farmers with the sight draft did not satisfy the terms of the letter of credit, and also because the actions of Prosser in selling the cotton were not a violation by Hampton within the terms of the letter of credit. See *Allsouth Sprinkler Co. v. Network Bldg. Systems*, 238 Ga. 372 (233 SE2d 174) (1977).

In regard to compliance with the terms of the letter of credit,

Georgia does not adhere to the standard of "strict compliance," but adheres to the standard of "substantial compliance," in keeping with its standards of statutory construction. OCGA § 1-3-1 (c); *Jurisco, Inc. v. Bank South, N.A.*, 228 Ga. App. 799, 802 (1) (492 SE2d 765) (1997); *First Nat. Bank &c. v. Wynne*, 149 Ga. App. 811, 817 (1) (256 SE2d 383) (1979); cf. *Vass v. Gainesville Bank &c.*, 224 Ga. App. 259, 261 (480 SE2d 294) (1997). However, in this case, the South Carolina Department of Agriculture fully complied with the terms and conditions of the letter of credit with its demands. Therefore, the trial court did not err in dismissing the complaint.

Further, even if the hearing was treated as a final adjudication on the merits, as a matter of law — not equity — the letter of credit clearly and plainly required only the affidavit of the Director of the Warehouse Division of the South Carolina Department of Agriculture, which requirement was fully satisfied. Therefore, the three farmers' affidavits were not required under the letter of credit. Where the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, construction of the contract is not permitted, and the language of the contract is given effect. *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845, 848 (219 SE2d 458) (1975).

Further, Hampton received the cotton in trust as bailee from the farmer-consignees, failed to issue warehouse receipts to them, and wrongfully issued the EWRs to Sea Island Cotton as a negotiable instrument without the consignees' consent. OCGA §§ 11-7-102 (1) (a) and (b); 11-7-104 (1); 11-7-201; 11-7-202 (2); 11-7-402; 44-12-40; 44-12-43; 44-12-44. As a government-bonded warehouseman of agricultural commodities, Hampton was under statutory trust duties and violated that trust by failing to give the farmers their EWRs; failing to keep the cotton secure; and transferring the farmers' EWRs to Sea Island Cotton without authority, knowing that the EWRs would be converted by sale.

Passage of the Uniform Commercial Code did not repeal or affect Georgia bailment law, and Hampton was liable in damages for failure to exercise ordinary diligence to protect the consigned cotton for the farmer-consignees. OCGA §§ 11-7-204; 44-12-43; 44-12-44; *Ga. Ports Auth. v. Servac Intl.*, 202 Ga. App. 777, 778-779 (2) (415 SE2d 516) (1992); *Gooden v. Day's Inn*, 196 Ga. App. 324, 326 (2) (395 SE2d 876) (1990); *Sun Valley v. Southland Bonded Warehouse*, 171 Ga. App. 233, 234-235 (319 SE2d 91) (1984); see also *Harper Warehouse v. Henry Chanin Corp.*, 102 Ga. App. 489, 497 (14) (116 SE2d 641) (1960); *Washburn Storage Co. v. Mobley*, 94 Ga. App. 113, 114 (94 SE2d 37) (1956).

While it is undisputed that Prosser and Sea Island Cotton converted the cotton, ultimately sold the cotton, and failed to pay the

farmers for it, Hampton violated its bailment under bond by failing to deliver the negotiable EWRs to the rightful owners and transferring the EWRs to Sea Island Cotton, which violated the terms and conditions of the letter of credit through its acts and omissions, which were also the acts of its agent, Prosser. See *Citizens Bank &c. Co. v. SLT Warehouse Co.*, 368 FSupp. 1042 (M.D. Ga. 1974), aff'd, 515 F2d 1382 (5th Cir. 1975). Under Georgia bailment law, while the acts of Prosser in converting the EWRs and cotton were his own and not imputable to Hampton as the acts of the employer, Hampton would not be liable for his imputed acts as respondeat superior under bailment law. See *Gooden v. Day's Inn*, supra at 327 (3); see also *Merchants Nat. Bank &c. v. Guilmartin*, 88 Ga. 797, 800-802 (15 SE 831) (1892). However, there was no way that Hampton could negate the presumption and all inference of negligence that it failed to exercise ordinary care to protect its consignees from the conversion by its principal officer, operator, and sole owner, since all its acts and omissions were through Prosser. See *Scott v. Purser Truck Sales*, 198 Ga. App. 611, 612-613 (402 SE2d 354) (1991); *Frontier Contracting Co. v. L.S.R., Inc.*, 174 Ga. App. 478, 480 (3) (330 SE2d 414) (1985). Further, legal defenses under bailment law or the UCC are not defenses to the terms of the letter of credit. The UCC and bailment law are relevant only in determining what additional duties Hampton had other than under South Carolina Systems Law § 39-22-10 et seq. under the letter of credit. But all of these issues were Strozzo's legal defenses to any future suit on the guaranty. The reason that a letter of credit with its terms was required was to avoid such defenses in the first place. Thus, the conditions precedent for payment of the letter of credit under its terms were fully satisfied.

Therefore, OCGA § 11-5-114 required that Sea Island Bank honor the terms of the letter of credit and satisfy the sight draft payable to the South Carolina Department of Agriculture. Under the "independence principle," the South Carolina Department of Agriculture had complied with the requirements for payment of the letter of credit in its demand upon Sea Island Bank.

> [T]he independence principle "states that the bank's obligation to the beneficiary is *independent* of the beneficiary's performance on the underlying contract. Put another way, the issuer must pay on a proper demand from the beneficiary even though the beneficiary may have breached the underlying contract with [Hampton]."

(Citations omitted; emphasis in original.) *Jurisco, Inc. v. Bank South, N.A.*, supra at 803 (2). In this case, the South Carolina Department of Agriculture fully performed in determining that Hampton had

breached the duties of a warehouseman and in filing a properly documented demand on the letter of credit, the only duties that it had under the contract for the letter of credit.

> The sole issue before the trial court[,] and thus the sole issue on appeal, is whether the documents presented by [the South Carolina Department of Agriculture] to [Sea Island Bank] satisfied the prerequisites for payment on the letter of credit. We hold that they did and, therefore, the trial court did not err in ordering the money paid to [the South Carolina Department of Agriculture].

Id. at 804 (2).

### Case No. A99A1328

2. This is an appeal from the dismissal of Strozzo's petition for injunction in action 1B98CV336T; such case was a refiling of the petition in action 1B98CV245 and is controlled by our decision in Division 1 as to Case No. A99A1197, which was the originally filed case.

### Case No. A99A1329

3. This is an appeal in the separate case 1B98CV342M between Strozzo and Sea Island Bank, involving the Georgia Commissioner as intervener and the same legal issues. Therefore, Division 1 controls.

*Judgment affirmed. Pope, P. J., concurs. Smith, J., concurs in judgment only.*

DECIDED JULY 29, 1999 —
RECONSIDERATION DENIED SEPTEMBER 29, 1999.

*Robert S. Reeves*, for appellant.
*Brown & Livingston, Charles H. Brown*, for appellees.