A04A0632. TOTAL SUPPLY, INC. v. PRIDGEN.
(598 SE2d 805)

PHIPPS, Judge.

Total Supply, Inc. sued its former employee, Patrick Pridgen, for theft of corporate funds. The trial court granted summary judgment to Pridgen on the ground that this action is barred by the applicable statute of limitation. Because that issue is not susceptible to summary adjudication, we reverse.

Beginning in June 1996, Total Supply employed Pridgen as manager of its Warner Robins store. Total Supply later discovered that between June and December 1996, Pridgen had stolen thousands of dollars from the company by retaining the proceeds from cash sales transactions and then deleting from the company's computer system records of the invoices documenting those transactions. When confronted, Pridgen admitted that he had committed the thefts and that he had used at least part of the money to improve certain real property he owned and to acquire certain personal property. Pridgen was arrested and indicted on 42 counts of theft by conversion. In 2001, he entered a negotiated first-offender guilty plea to nine of the counts. As a condition of probation he was required to pay restitution. No restitution payments were forthcoming.

On July 17, 2002, Total Supply brought this action against Pridgen to recover damages for the losses it incurred as a result of the

thefts.[1] Total Supply sought a recovery on theories of fraud, breach of contract, money had and received, unjust enrichment, and through imposition of a constructive trust on property owned by Prigden. The trial court granted Pridgen's motion for summary judgment on grounds that the four-year statutes of limitation had run on Total Supply's claims of fraud, breach of contract, money had and received, and unjust enrichment. The court ruled that Total Supply's claim for an equitable trust remedy must also fail, because of its failure to pursue adequate legal remedies within the time required by law.

This case was initially appealed to the Supreme Court of Georgia. The Supreme Court, however, found that this case did not invoke its equity jurisdiction, because the issues to be resolved on appeal involve legal issues regarding whether Pridgen breached any contract of employment, converted funds, or committed fraud. As a result, the Supreme Court transferred this appeal to us. Presented with issues different than those suggested by the Supreme Court, we reverse.

1. It is undisputed that Total Supply's claims of fraud, breach of contract, money had and received, and unjust enrichment are barred by various four-year statutes of limitation. The first question we address is whether Total Supply's constructive trust claim is similarly barred.

"A constructive trust is a trust 'implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity.' "[2] "Where the constructive trustee has invested such funds or has purchased other property, the real owner can follow it wherever it can be traced."[3] Although former OCGA § 9-3-27 required all actions against trustees to be brought within ten years after the right of action accrued, the General Assembly passed the Georgia Trust Act in 1991 and replaced the ten-year statute of limitation with a six-year statutory limitation now codified at OCGA § 53-12-198.[4] The statute

---

[1] In this suit, Total Supply claims that Pridgen stole $75,000. As part of his criminal sentence, he was ordered to pay only about $6,700 in restitution. Although a restitution order is enforceable as is a civil judgment by execution, OCGA § 17-14-13 (a), it does not bar a civil action against the offender. OCGA § 17-14-11. "However, any payments made by an offender to a victim under an order for restitution may be a setoff against any judgment awarded to the victim in a civil action based on the same facts for which restitution was ordered." Id.

[2] Hood v. Smoak, 271 Ga. 86, 87 (516 SE2d 301) (1999), citing OCGA § 53-12-93.

[3] First Nat. Bank of Cartersville v. Hill, 412 FSupp. 422, 425 (N.D. Ga. 1976), citing Adams v. McGehee, 211 Ga. 498 (86 SE2d 525) (1955).

[4] See Allen v. Columbus Bank & Trust Co., 244 Ga. App. 271, 272, n. 1 (534 SE2d 917) (2000); legislative comment to OCGA § 53-12-198.

of limitation begins to run when the right of action accrues.[5] Where theft is the gravamen of the complaint, the right of action accrues on the date of the theft.[6]

Here, thefts occurred beginning in June 1996 and ending in December 1996. Suit was brought on July 17, 2002. Consequently, the six-year statute of limitation has run only with respect to those thefts occurring before July 17, 1996.

2. The next question is whether Total Supply's equitable trust claim is nonetheless barred because of the running of statutes of limitation on alternative legal remedies. In answering this question in the affirmative, the trial court cited as authority *Welch v. Welch,*[7] *Harrison v. Holsenbeck,*[8] and *Strozzo v. Sea Island Bank.*[9]

*Welch* involved application of the equitable doctrine of laches, presently codified at OCGA § 9-3-3. As recognized in that statute, statutes of limitation apply in equitable actions. That statute goes on to provide, "In addition, courts of equity may interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." As held in *Welch,*

> To constitute the defense of laches the delay must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue, or where the lapse of time has been sufficient to create or justify a presumption against the existence or validity of the plaintiff's right, or to justify a presumption that, if the plaintiff was ever possessed of a right, it has been abandoned or waived, or has been satisfied.[10]

Here, Pridgen asserted laches as one of his defenses. But he certainly has shown no entitlement to summary judgment on this issue.

*Harrison* was a suit in equity for cancellation of fraudulent deeds. The Supreme Court held that because of the running of the seven-year period in which an action at law to cancel a deed had to be brought, the equitable action was likewise barred.[11] In so holding, the

---

[5] See *Murray County v. Pickering,* 196 Ga. 208, 216-217 (3) (26 SE2d 287) (1943).
[6] See *Stewart v. Warner,* 257 Ga. App. 322 (571 SE2d 189) (2002).
[7] 215 Ga. 198 (109 SE2d 757) (1959).
[8] 208 Ga. 410 (67 SE2d 311) (1951).
[9] 240 Ga. App. 183 (521 SE2d 392) (1999) (physical precedent only).
[10] (Citations and punctuation omitted.) 215 Ga. at 202 (1).
[11] 208 Ga. at 413-414; see also *Hays v. Urquhart,* 63 Ga. 323 (1879).

Court in *Harrison* relied upon "the established principle of equity which denies relief to those who, by their negligence, failed to act for their own protection within the time required by law."[12] *Harrison* is distinguishable, because in this case the six-year limitation period for bringing an action for imposition of a constructive trust has not run, at least not completely. Moreover, whether Total Supply was negligent in failing to seek legal relief within the time required by law presents a jury issue.

In *Strozzo*, we applied the principle that "[t]here is no equity jurisdiction where there exists an adequate remedy at law. [Cits.]"[13] In other words, "where the relief sought can be obtained in a manner provided by law, a suit in equity will not lie. [Cits.]"[14] For this principle to apply, however, there must be a presently existing, adequate and complete legal remedy.[15] Here, indisputably, there is none.

We thus conclude that the trial court erred in granting Pridgen's motion for summary judgment.

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 29, 2004 —
RECONSIDERATION DENIED APRIL 16, 2004 — 

*John W. Mrosek*, for appellant.
*Michael J. Moore*, for appellee.

---

[12] 208 Ga. at 414.
[13] 240 Ga. App. at 186 (1).
[14] Id.
[15] See *Cantrell v. Henry County*, 250 Ga. 822, 824 (1) (301 SE2d 870) (1983).