### 42660. YOST v. SOUTHEASTERN FIDELITY INSURANCE COMPANY et al.
(336 SE2d 248)

CLARKE, Justice.

This is an appeal from an order granting injunctive relief in a declaratory judgment action brought by Southeastern Fidelity Insurance Company (hereinafter Southeastern). We find no abuse of discretion and affirm.

Southeastern issued an automobile insurance policy to appellant, Yost, in February 1982. On August 11, 1982, Yost was involved in an automobile accident with Mr. and Mrs. Torok. In July 1984, the Toroks filed a personal injury action against Yost in Fulton State Court. The Toroks' insurer, Allstate Insurance Company, was served under the provisions of the Uninsured Motorist Act allegedly applicable to Yost. Southeastern had taken the position that it was not liable under the policy to defend or pay damages because Yost had not fulfilled policy obligations of notification of the accident and cooperating with the defense of a lawsuit. Southeastern did file an answer for Yost after they had executed a non-waiver agreement asserting their denial of coverage.

Southeastern then filed this declaratory judgment action serving Yost, the Toroks, and Allstate asking the court to declare that under the policy and facts of the case it was not obligated to defend Yost in the state court action, nor to pay any sums of money as damages arising out of the accident. The complaint also seeks a restraining order to enjoin the pending civil action or other suits pending resolution of the issues. Defendants were served with a rule nisi to show cause why the other action should not be enjoined. Prior to the hearing Yost filed a motion to dismiss the complaint for failure to state a claim; the Toroks filed a motion for judgment on the pleadings.

After a hearing at which all the motions were argued, the trial court entered an order granting injunctive relief "to maintain the status quo and preserve the rights of all parties and to prevent irreparable harm to all parties" and staying the state court action, enjoining any further prosecution of other actions "until further order of this court."

Yost now appeals from this order. The underlying contentions of his enumerations of error are based upon the merit of his motion to dismiss. While the motion to dismiss as well as the pleadings and Southeastern's affidavit were before the court, no order has been entered on that motion. Yost's contentions below and the enumerations

here deal with the merits of the declaratory judgment action.

The order being appealed does not reach the merits but merely stays the prosecution of the state court action pending determination on the merits of the declaratory judgment action before it.

The only issue before us is whether the court has abused its discretion by enjoining the other action until it enters a judgment on Southeastern's claim of no coverage under the policy. The injunctive relief here is ancillary to the declaratory relief sought on the merits and its effect is to preserve the status quo. In granting or refusing preliminary injunctive relief the trial court has a wide discretion that will not be disturbed by this court unless a manifest abuse of that discretion is shown. *Bales v. Duncan*, 231 Ga. 813 (204 SE2d 104) (1974). No such abuse of discretion has been shown by appellant Yost. Because this appeal cannot reach the merits of the declaratory judgment action, it does not preclude a later appeal by any party when an appealable order or judgment on those issues is entered.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 1985.

*Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellant.

*Henning, Chambers & Mabry, Lawrence J. Hogan, Scheer & Elsner, Robert A. Elsner, Fain, Gorby, Reeves & Moraitakis, Donald M. Fain,* for appellees.