## 43512. PROSSER v. HANCOCK BUS SALES, INC.

(349 SE2d 460)

WELTNER, Justice.

James R. Prosser, acting as agent for a community action program, negotiated for the purchase of five buses from Hancock Bus Sales, Inc. The program paid Prosser $111,176. Prosser paid $10,000 to Hancock before delivery of the buses, and, at delivery, gave Hancock a check for $94,322. The check was dishonored by the drawee bank, and Hancock sued Prosser for that sum. Before trial, the trial court ordered Prosser to pay the sum of $94,322 into the court registry. Prosser appealed from that order. The trial court held a hearing, and found Prosser in contempt of court for failing to pay the funds pursuant to the court's order.

Prosser contends that the trial court's order of payment of a debt is contrary to principles of equity.

1. OCGA § 9-5-6 provides that "Creditors without liens may not, as a general rule, enjoin their debtors from disposing of property nor obtain injunctions or other extraordinary relief in equity." There are exceptions to this rule, "such, for instance, as the insolvency of the debtor, who, it is alleged, has fraudulently transferred his property to one who is in complicity with him in the fraud, and who is rapidly disposing of the property, or where the property is obtained by fraudulent representations with which the assignee is connected." *The Albany & Renssellaer Iron &c. Co. v. Southern Agricultural Works*, 76 Ga. 135, 169 (3). See also *Mitchell v. Hayden, Stone, Inc.*, 225 Ga. 711, 714 (171 SE2d 280) (1969). The evidence presented in this case does not fall within the bounds of this exception.

2. Equity will not grant relief where there is an adequate and complete remedy at law. OCGA § 23-1-4. See also *Cantrell v. Henry County*, 250 Ga. 822, 824 (1) (301 SE2d 870) (1983). Subsequent to the court's order of payment, the jury awarded a judgment of $94,322 to Hancock.

As Hancock has an adequate remedy at law, the equitable relief granted by the trial court was inappropriate.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 6, 1986.

*Newton, Smith & McIntyre, Wilson R. Smith,* for appellant.
*Randall M. Clark,* for appellee.