S95A0578, S95A0704. PATEL et al. v. ALPHA INVESTMENT
PROPERTIES, INC. et al. (two cases).
S95A0580, S95A0581. PATEL et al. v. PATEL et al. (two cases).

(458 SE2d 476)

HUNSTEIN, Justice.

The four appeals consolidated in this opinion challenge two orders entered by the trial court in this litigation over the control of a corporation ("Alpha") formed to own and operate a motel in Brunswick.

1. Previous litigation resulted in a 1992 judgment entered in favor of appellant S. N. Patel[1] against Alpha, among others. Two of Alpha's bank accounts had been frozen by court order during the course of this earlier litigation. In the first order challenged by appellants,[2] the trial court allowed funds representing the full amount of the 1992 judgment to be released from the accounts, but directed that the funds be transferred into the registry of the court. A review of the hearing that led to the challenged order reveals that the purpose of the order was to ensure that the funds would be available should certain of appellees prevail in a suit against appellants filed since the 1992 judgment was rendered. We agree with appellants that under the facts in this case, the trial court's order violates OCGA § 9-5-6.[3] See *Prosser v. Hancock Bus Sales*, 256 Ga. 399 (1) (349 SE2d 460) (1986).

2. In the second order appealed from,[4] the trial court sua sponte entered an order appointing a receiver for Alpha. After a careful review of the record, we agree with appellants that the evidence before the trial court failed to support any statutory basis for the appointment of a receiver, see OCGA § 9-8-1 et seq., and thus the trial court abused its discretion by appointing a receiver. *Liddell v. Johnson*, 213 Ga. 752 (1) (101 SE2d 755) (1958).

*Judgments reversed. All the Justices concur.*

DECIDED JUNE 26, 1995 —
RECONSIDERATION DENIED JULY 17, 1995.

*Rogers & Hardin, John J. Almond, Eli J. Richardson,* for S. N. Patel.

---

[1] The judgment included amounts awarded S. N. Patel in his individual capacity as well as in a trustee capacity. S. S. Patel was also a plaintiff in the earlier litigation and is an appellant in the four appeals in this Court.

[2] This order is the subject of the appeals in Case Nos. S95A0578 and S95A0580.

[3] OCGA § 9-5-6 provides that "[c]reditors without liens may not, as a general rule, enjoin their debtors from disposing of property nor obtain injunctions or other extraordinary relief in equity."

[4] Case Nos. S95A0581 and S95A0704.

*Fendig, McLemore, Taylor & Whitworth, Gilbert C. McLemore, Jr., Brennan & Wasden, Joseph P. Brennan, James B. Wessinger III*, for N. N. Patel and Alpha.