S96A1053. HOUSING AUTHORITY v. MMT ENTERPRISES, INC.
et al.
S96X1055. MMT ENTERPRISES, INC. v. HOUSING AUTHORITY
et al.
S96X1057. AMERICAN BONDING COMPANY v. HOUSING
AUTHORITY et al.
(475 SE2d 642)

FLETCHER, Presiding Justice.

The Housing Authority of Washington, Georgia contracted with MMT Enterprises, Inc. to renovate 96 housing units. After the authority terminated the contract, MMT sued for monies owed and the authority filed a counterclaim for breach of contract. The trial court ordered the authority to deposit in escrow the funds that it retains under the contract pending the project's completion. The authority appeals that order. Because the trial court abused its discretion in ordering an injunction when the contractor had an adequate remedy at law, we reverse.

1. A trial court may not grant equitable relief if a party has an adequate remedy at law.[1] OCGA § 9-5-6 provides that "[c]reditors without liens may not, as a general rule, enjoin their debtors from disposing of property nor obtain injunctions or other extraordinary relief in equity." Here the trial court issued a mandatory interlocutory injunction requiring the authority to pay approximately $70,000, the sum that the authority has retained from the contractor's periodic payment requests, into a court escrow account.[2] The contractor, however, has an adequate legal remedy since it may obtain money damages for any breach of contract.[3] Therefore, the trial court abused its discretion in ordering the equitable remedy of an injunction.

2. In the cross-appeals, the contractor and bonding company challenge the denial of summary judgment and motions to compel discovery. We conclude that the trial court did not commit reversible error in denying MMT's motion for partial summary judgment or American Bonding Company's motion for summary judgment and did not abuse its discretion in denying MMT's discovery requests.

*Judgment reversed in Case No. S96A1053. Judgment affirmed in Case Nos. S96X1055 and S96X1057. All the Justices concur.*

---

[1] *Thomas v. Mayor of Savannah*, 209 Ga. 866 (76 SE2d 796) (1953); OCGA § 23-1-4.

[2] The contract authorizes the authority to retain ten percent of the progress payments until final completion and acceptance of the project.

[3] See *Patel v. Alpha Investment Properties*, 265 Ga. 597 (458 SE2d 476) (1995); *Prosser v. Hancock Bus Sales*, 256 Ga. 399 (349 SE2d 460) (1986).

DECIDED SEPTEMBER 23, 1996.

*Brent, Woodland, Redic & Sweetnam, D. Michael Sweetnam, Morris, Manning & Martin, Warren W. Wills, Jr.,* for Housing Authority.

*Michael O. Horgan, Lester, Lester & Flynt, James L. Lester,* for MMT Enterprises.

*Thompson & Slagle, DeWitte Thompson, Jefferson B. Slagle,* for American Bonding Company.