S98A1084. COTTON, INC. v. PHIL-DAN TRUCKING, INC. et al.
(507 SE2d 730)

THOMPSON, Justice.

Phil-Dan Trucking, Inc., filed suit against Cotton, Inc. ("Cotton"), and others, alleging, inter alia, violations of the state and federal civil RICO acts. The court entered a temporary restraining order which prohibited defendants from transferring their real and personal property, unless a transfer was necessary for ordinary personal and business expenses. The court subsequently entered a preliminary injunction to the same effect. Cotton appealed, asserting that OCGA § 16-14-6 (which provides for injunctive relief in a RICO case) is unconstitutional because it delegates police powers to civil litigants; and that the court erred in entering the preliminary injunction.

1. We cannot consider Cotton's constitutional challenge to OCGA § 16-14-6 because no such challenge was raised and ruled upon below. *Dupre v. Scappaticcio,* 244 Ga. 179 (259 SE2d 440) (1979).

2. In its complaint, Phil-Dan alleged that defendants fraudulently appropriated Phil-Dan's funds by engaging in a "pattern of racketeering activity" in violation of the Georgia RICO act. Cotton asserts the court erred in entering the preliminary injunction because Phil-Dan did not also allege that defendants were engaged in an organized criminal attempt "to take over the legitimate economy of this state." See OCGA § 16-14-2. We disagree. Phil-Dan's failure to allege a nexus between organized crime and the economy is of no consequence. *State of Ga. v. Shearson Lehman Brothers,* 188 Ga. App. 120, 121 (372 SE2d 276) (1988) (level of criminal activity is not an element of a civil cause of action under the RICO act). Similarly, it cannot be said the court erred in entering the preliminary injunction simply because Phil-Dan did not separately allege that defendants were engaged in an "enterprise" as well as a pattern of racketeering. See *Leitzke v. Leitzke,* 239 Ga. 17, 19 (235 SE2d 500) (1977) (CPA abolished issue pleading and instituted notice pleading); OCGA § 9-11-8 (f).

3. Relying upon *Housing Authority v. MMT Enterprises,* 267 Ga. 129 (475 SE2d 642) (1996), Cotton contends the trial court abused its discretion in granting equitable relief in the form of a preliminary injunction because plaintiff has an adequate remedy at law, to wit, money damages for breach of contract. Cotton's reliance upon *Housing Authority* is misplaced. The trial court did not issue the prelimi-

nary injunction in this case pursuant to its inherent equitable power. On the contrary, the preliminary injunction was issued in accordance with the statutory authorization set forth in OCGA § 16-14-6. See Dobbs, Handbook on the Law of Remedies, § 2.10 (2nd ed. 1993) (courts can issue statutory injunction even where equitable relief ordinarily would be denied due to adequate legal remedy).

4. OCGA § 16-14-6 (b) reads:

> Any aggrieved person or the state may institute a proceeding under subsection (a) of this Code section. In such proceeding, relief shall be granted in conformity with the principles that govern the granting of injunctive relief from threatened loss or damage in other civil cases, provided that no showing of special or irreparable damage to the person shall have to be made. Upon the execution of proper bond against damages for an injunction improvidently granted and a showing of immediate danger of significant loss or damage, a temporary restraining order and a preliminary injunction may be issued in any such action before a final determination on the merits.

Seizing upon the "proper bond" language of this Code section, Cotton asserts the trial court erroneously issued the preliminary injunction because it failed to require Phil-Dan to post a bond. Although this argument was raised with regard to the temporary restraining order, it was not raised with regard to the preliminary injunction, and, therefore, will not be considered on appeal. See *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (476 SE2d 722) (1996) (proper objection must appear in the record to preserve error).

5. In the absence of a transcript, we will presume that the evidence was sufficient to support a preliminary injunction. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990); *Caldwell v. Lambert*, 243 Ga. 221 (253 SE2d 191) (1979). We cannot say, therefore, that the issuance of the preliminary injunction constituted an abuse of discretion in this case. *Anderson v. Middleton*, 263 Ga. 299 (430 SE2d 748) (1993); *Yost v. Southeastern Fidelity Ins. Co.*, 255 Ga. 179 (336 SE2d 248) (1985).

*Judgment affirmed. All the Justices concur.*

Decided November 2, 1998.

*William R. L. Latson*, for appellant.
*George C. Creal, Jr., W. Donald Patten, Jr.*, for appellees.