S02A0959. COWETA COUNTY v. CITY OF SENOIA et al.

(573 SE2d 21)

BENHAM, Justice.

The City of Senoia (hereinafter "City") sought to annex a portion of Coweta County (hereinafter "County").[1] At a county commission meeting, the agenda of which included the question of whether to object to the annexation, the city attorney appeared and said the mitigative measures being considered by the County would be acceptable. The annexation was then approved with four mitigative measures: single-family use; city water and sewer service; all lots developed along the common border would be a minimum of 1.6 acres; and preliminary plats would be submitted to the County for review of compliance with mitigative measures. Following approval of the annexation by the city council, a plat of the proposed development of the annexed area was sent to the County on July 25, 2001, prompting a response from the County that the plat did not comply with the mitigative measures. Specifically, rather than developing 1.6 acre lots on the boundary with the County, the plat called for a 50-foot undeveloped buffer. The city council subsequently approved the plat. The County filed a complaint seeking declaratory judgment, mandamus, and an injunction, and Classic Community Development, LLC, the developer, intervened. The parties bifurcated the issues and submitted to the trial court initially the questions of whether there was an agreement between the County and the City regarding the conditions of annexation; if there was an agreement, whether it was clear enough to be interpreted by the court; and if the answers to both of those questions were yes, whether the City had applied the mitigative measure calling for developed lots on the City-County boundary to be at least 1.6 acres in size. Following a non-jury trial, the trial court ruled against the County, holding that there was an agreement, that the County did not follow the non-agreement procedures in the Memorandum of Agreement (MOA) adopted by the County and the City in 1998 pursuant to OCGA § 36-70-24 (4) (C), that the terms of the agreement were unambiguous, and that the plat submitted did not violate the agreement. The County appeals from those rulings.

1. The County first takes issue with the trial court's finding that there was an agreement between the parties regarding the conditions of annexation. The sole basis for the County's position on this issue is its contention that the City did not agree to all the terms of the proposed agreement because it did not respond in writing to a letter from the County's director of planning which requested such a

---

[1] A prior annexation dispute between the County and Senoia (see *Higdon v. City of Senoia*, 273 Ga. 83 (538 SE2d 39) (2000)) involved part of the same land.

response. As the City notes, however, the record shows that the only action taken by the county commission was to approve the annexation proposal with four mitigative measures. The county commission did not impose a requirement that the City respond in writing; that request came from the County's planning director. The agreement in question was between the two governments, the County and the City, not between the City and the County's planning director. The requirement of a written response was not, therefore, part of the agreement. It is unquestioned that the City proceeded under the agreement, including a vote of the city council to include in the annexation the conditions imposed by the County. Since the evidence of record supports the trial court's finding that there was an agreement between the County and the City, we will not disturb that finding. *Ovrevik v. Ovrevik*, 254 Ga. App. 756 (1) (564 SE2d 8) (2002).

2. The real basis for conflict in this case is the language of one of the mitigative measures to which the parties agreed. That measure was that "[a]ll lots developed along the common boundary of the City and County shall have a minimum lot size of 1.6 acres. . . ." The plat submitted by the City to show compliance with the mitigative measures showed a 50-foot buffer along the boundary between the City and the County. The trial court concluded that since there were no developed lots on the boundary, there was no violation of the mitigative measure.

The County contends on appeal that since the buffer is not a lot, it cannot be considered to comply with the mitigative measure. The County's argument, however, ignores the actual language of the mitigative measure. What the mitigative measure required was that all lots "developed" on the boundary between the County and the City be at least 1.6 acres in size. However, as the County admits in its brief, the buffer is not a lot. The record also demonstrates that under the zoning applicable to the subdivision being developed on the newly annexed tracts, the buffer can never be developed. It thus appears that the plat submitted by the City does not have any developed lots on the boundary between the County and the City. If there are no developed lots on the boundary, it follows that there are no lots to which the mitigative measure would apply.

"The courts 'should avoid any construction that renders portions of the contract language meaningless. (Cit.)' [Cit.]" *Horwitz v. Weil*, 275 Ga. 467, 468 (569 SE2d 515) (2002). The County's proposed construction of the mitigative measure requires that one of two words be ignored. To hold that the plat places developed lots on the boundary, a court would have to ignore the word "developed" or the word "boundary" because the plat shows that what is developed is not on the boundary and what is on the boundary is not developed. The trial court's finding regarding compliance with the mitigative measure is

supported by the language of the mitigative measure, by the evidence, and by logic, and we perceive no error in it.

3. Although the County enumerates as error the trial court's finding that the County did not follow the non-agreement procedures in the MOA, it admits in its brief that it discontinued the process called for in the MOA because it was waiting for a response from the City to notification by the County that annexation had been approved with mitigative measures. That admission in the brief being supported by the record, no error appears in the trial court's finding in that regard.

4. Finally, the County asserts on appeal that the City's annexation was illegal because the City did not comply with its own ordinances and with the Zoning Procedures Law, OCGA § 36-66-1 et seq. However, those claims were not raised in the trial court in the County's pleadings or in the pretrial order, and were not considered by the trial court. That being so, the issue is not properly before this Court. "Issues never raised at trial will not be considered for the first time on appeal. [Cit.]" *Hammond v. Paul*, 249 Ga. 241 (1) (290 SE2d 54) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 12, 2002.

*Glover & Davis, A. Mitchell Powell, Jr., Jerry A. Conner*, for appellant.

*Rosenzweig, Jones & MacNabb, George C. Rosenzweig, Sara A. Evans, Mullins, Whalen & Westbury, Andrew J. Whalen III, Virginia S. Martin*, for appellees.