A04A0638. GEORGETOWN MORTGAGE, INC. v. OHIC INSURANCE COMPANY.
(599 SE2d 282)

RUFFIN, Presiding Judge.

OHIC Insurance Company filed a petition in superior court seeking a declaratory judgment with respect to coverage issues, and an interlocutory injunction to stay an underlying suit in state court until it could obtain such declaratory relief. The trial court granted OHIC's motion for interlocutory injunction. Georgetown Mortgage, Inc. appeals, asserting that the trial court erred in granting the injunction. For reasons that follow, we affirm.

OHIC filed an unverified petition for temporary restraining order, motion to stay and complaint for declaratory judgment in the Superior Court of Cobb County. The petition alleges that Edward Brantley and Edward Brantley, P.C. (collectively Brantley) represented Georgetown as the closing attorney for certain residential loans. Georgetown sued Brantley in the State Court of Cobb County to recover monies lost in those transactions, and OHIC undertook the defense of Brantley. Based on discovery in that suit, OHIC now believes that it owes no duty of defense or indemnity to Brantley. Accordingly, the petition in superior court seeks an order "restraining proceedings in and staying" the underlying state court suit until a declaratory judgment can be issued in the superior court regarding coverage.

On August 1, 2003, counsel for the parties appeared before the trial court for a hearing. Georgetown argued that there was no evidence to support an injunction. There was no dispute, however,

that there was an underlying state court suit where OHIC was providing a defense to Brantley. The trial court granted OHIC's motion.

On appeal, OHIC admits that the petition is unverified, but argues that at the hearing counsel made "admissions in judicio" that support the allegations in the petition. In particular, OHIC asserts that the parties agreed that there was an underlying suit for which OHIC was providing a defense to Brantley, and that this was the only fact necessary to support the injunction. Georgetown, on the other hand, argues not only that there was no evidence to support the injunction, but that the superior court had no authority to stay the proceedings in state court.[1] We disagree.

"A trial court has the discretion to grant an interlocutory injunction to preserve the status quo and balance the conveniences of the parties pending final adjudication. This court will not disturb that discretion unless it is abused or there is no evidence to support the ruling."[2]

OCGA § 9-10-110 requires that "[p]etitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." Although the petition is unverified, the parties do not dispute that there is an underlying suit in state court. And our Supreme Court has previously found no abuse of discretion by a superior court when it enjoined an underlying state court action pending determination on the merits of the superior court declaratory judgment action regarding coverage issues.[3] In this case, the order being appealed merely enjoins the prosecution of the state court action to preserve the status quo pending a determination on the merits of the declaratory judgment action. Accordingly, we find no abuse of discretion and affirm.[4]

---

[1] Georgetown also argues that OHIC knew or should have known of facts supporting injunctive relief based on the allegations in the complaint filed in state court and discovery thereon. According to Georgetown, therefore, OHIC is not entitled to an injunction because it delayed bringing an action for injunctive relief for over a year. We note that the complaint and discovery in the underlying action are not part of the record on appeal, thus making it impossible for this Court to address such an argument. We also note that in granting the injunction, the trial court apparently resolved any factual dispute in favor of OHIC regarding when OHIC knew or should have known of facts warranting injunctive relief.

[2] (Citations and punctuation omitted.) *Ebon Foundation v. Oatman*, 269 Ga. 340, 344 (3) (498 SE2d 728) (1998).

[3] See *Yost v. Southeastern Fidelity Ins. Co.*, 255 Ga. 179, 180 (336 SE2d 248) (1985) (no abuse of discretion when superior court entered an order granting injunctive relief and staying the state court action pending determination on the merits of the declaratory judgment action in superior court).

[4] See id.

*Judgment affirmed. Adams, J., concurs. Eldridge, J., concurs in the judgment only.*

DECIDED MAY 7, 2004.

*Heyman & Sizemore, William B. Brown, Jacqueline Marcucci,* for appellant.

*James S. Strawinski, Nicole W. Stout, Edward J. Brantley,* for appellee.