S04A0966. FRANTZ v. PICCADILLY PLACE CONDOMINIUM
ASSOCIATION.
(597 SE2d 354)

CARLEY, Justice.

Mark Frantz is a unit owner within Piccadilly Place Condominium Association. The parties have had a litigious relationship. *Piccadilly Place Condominium Assn. v. Frantz*, 210 Ga. App. 676 (436 SE2d 728) (1993). The Association brought suit against Frantz for unpaid assessments and obtained a judgment and a writ of fieri facias in an amount exceeding $9,000. The Association amended its condominium declaration pursuant to OCGA § 44-3-76 so as to permit it to suspend utilities being provided to a unit after total final judgments

---

exceed $750. Frantz filed an emergency motion for temporary restraining order (TRO) and a motion for interlocutory injunction to prevent the Association from turning off the water to his unit. The trial court denied the emergency motion, and Frantz filed a notice of appeal. This Court dismissed that appeal for failure to file an application. The Association then filed a motion for preliminary injunction to enjoin Frantz from removing water from the exterior water spigots in the condominium. After an evidentiary hearing, the trial court granted the motion, finding that such spigots are common elements and that the Association was entitled to suspend their use. The court ordered Frantz not to retrieve water from the outdoor spigots, and other unit owners not to allow him to do so. Acting pro se, Frantz appeals from both this order and a subsequent order modifying the interlocutory injunction.

1. The Association asserts that the earlier order denying the emergency motion for TRO and another order specially setting a bench trial on all issues are not properly before this Court, since neither order is subject to direct appeal pursuant to OCGA § 5-6-34 (a), and Frantz did not obtain a certificate of immediate review and appeal the orders pursuant to OCGA § 5-6-34 (b). To the contrary, however, those orders clearly may be raised in this appeal and reviewed by this Court because Frantz was authorized to bring an appeal from the grant of the interlocutory injunction under OCGA § 5-6-34 (a) (4).

> [A]ll judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final . . . .

OCGA § 5-6-34 (d). See also *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

2. Frantz contends that the trial court erred in giving retroactive application to both OCGA § 44-3-76 and the amendment to the Association's condominium declaration.

In 1994, the statute was amended so as to permit a condominium association, "to the extent provided in the condominium instruments," to terminate certain utility services, including water, "after a final judgment or final judgments in excess of a total of $750.00 are obtained in favor of the association from a court of competent jurisdiction." OCGA § 44-3-76. Thus, whenever the cumulative total of

final judgments against a unit owner exceeds $750, and the condominium instruments so provide, the statute authorizes an association to enforce the unit owner's obligations by utilizing the remedy of water service termination.

The amendment to the Association's declaration took effect well after this statutory authorization. Compare *Bickford v. Yancey Development Co.*, 276 Ga. 814, 815 (2) (585 SE2d 78) (2003). The Association amended its declaration only after obtaining the judgment against Frantz. However, even if application of the statute in these circumstances is retroactive in some sense, it is still enforceable. "[A] statute does not operate retrospectively in its legal sense simply ' "because it relates to antecedent facts . . . ." ' [Cit.]" *DeKalb County v. State of Ga.*, 270 Ga. 776, 778 (1) (512 SE2d 284) (1999).

> Laws which act upon remedies alone, although retroactive, will be enforced, provided they do not impair the obligation of contracts or disturb absolutely vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations. [Cit.]

*Canton Textile Mills v. Lathem*, 253 Ga. 102, 104 (1) (317 SE2d 189) (1984).

As for the alleged retroactivity of the amendment to the declaration, the relationship between a condominium association and its unit owners is "a contractual one, and the condominium instruments [are] analogous to an 'express contract' between the unit owner/members and the condominium association. [Cits.]" *Bradford Square Condominium Assn. v. Miller*, 258 Ga. App. 240, 245 (1) (a) (573 SE2d 405) (2002). "It is elemental that contracting parties may agree to give retroactive effect . . . to their contracts as they may see fit." *Goldstein v. Ipswich Hosiery Co.*, 104 Ga. App. 500, 506 (4) (a) (122 SE2d 339) (1961). See also *Miller v. Lomax*, 266 Ga. App. 93, 95 (2) (a) (596 SE2d 232) (2004).

Frantz also attacks the amendment to the declaration as invalidly adopted. He speculates that the amendment did not receive the required percentage of votes and argues that the burden of proof was on the Association. However, Frantz did not raise the validity of the amendment in the trial court at any time. " 'Issues never raised at trial will not be considered for the first time on appeal. (Cit.)' [Cit.]" *Coweta County v. City of Senoia*, 275 Ga. 707, 709 (4) (573 SE2d 21) (2002).

3. Frantz further contends that the trial court erroneously ruled that termination of water service to his residential unit did not constitute irreparable harm to him and his family, and that the court

should have ordered the immediate restoration of service, because shutting off the water to his unit created a hazardous and unsanitary condition in violation of OCGA § 44-3-76 and the amendment to the declaration. In that statute, however, the General Assembly actually determined that the termination of water service does not cause any hazardous or unsanitary condition when it specifically authorized such termination "[n]otwithstanding any other provision of this Code section . . . ." OCGA § 44-3-76. The amendment to the declaration contains corresponding language.

4. Frantz urges that the trial court erred by engaging in an ex parte conversation and a review of unknown documents with opposing counsel during the TRO hearing. Frantz cites the transcript of that hearing where the trial judge apparently handed a folder back to the Association's attorney in the presence of Frantz. He did not object to "this alleged ex parte communication below and therefore has presented nothing for this court to review. [Cit.]" *Bailey v. Bailey*, 252 Ga. App. 175, 178 (3) (555 SE2d 853) (2001). Moreover, since the interaction of opposing counsel and the trial court took place during the TRO hearing in front of Frantz, it obviously occurred with notice to him and, thus, did not meet the definition of an ex parte communication. *Cagle v. Davis*, 236 Ga. App. 657, 661-662 (4) (a) (513 SE2d 16) (1999).

5. Frantz contends that the trial court erroneously failed to find that an accord and satisfaction extinguished the judgment relied on by the Association to terminate his water service. As this issue was raised only at the hearing on Frantz's emergency motion for TRO, it is waived with regard to the interlocutory injunction granted in favor of the Association. See *Cotton v. Phil-Dan Trucking*, 270 Ga. 95, 96 (4) (507 SE2d 730) (1998). Frantz relies on acceptance by the Association of a check from him marked "settlement in full." However, in the absence of an independent agreement, a creditor's acceptance of a check "marked 'payment in full' or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless . . . [a] bona fide dispute or controversy exists as to the amount due . . . ." OCGA § 13-4-103 (b) (1). Since Frantz did not present any evidence of a bona fide dispute or controversy as to the amount of the judgment relied on by the Association, the trial court could not hold that acceptance of the check constituted an accord and satisfaction which extinguished that judgment.

6. Frantz enumerates as error the trial court's order setting a bench trial, because a jury was requested and is necessary to resolve the factual issue of accord and satisfaction. However, there is no constitutional or statutory right to a jury at an injunction hearing. *Cawthon v. Douglas County*, 248 Ga. 760, 761 (1) (286 SE2d 30)

(1982). Whether to call for special verdicts from a jury to resolve factual disputes in an equity case is entirely in the trial court's discretion. *Hanson v. First State Bank & Trust*, 254 Ga. 235, 236 (327 SE2d 730) (1985). See also *Hague v. Pitts*, 262 Ga. 777 (425 SE2d 636) (1993). This enumeration is without merit.

7. Frantz contends that the trial court lacked jurisdiction to grant the interlocutory injunction, since it had previously denied the request for TRO and no other matters were pending. To the contrary, the case in general, and Frantz's complaint for injunctive relief in particular, were still pending.

Frantz also asserts that the trial court erroneously failed to distinguish between common elements and limited common elements, and that the exterior water spigots were only in the latter classification. However, the term "common elements" includes "*all* portions of the condominium other than the units." (Emphasis supplied.) OCGA § 44-3-71 (4). That term is inclusive of "limited common elements." OCGA § 44-3-71 (19). Moreover, a common element is not "limited" unless assigned as such in the condominium instruments. OCGA § 44-3-82. OCGA § 44-3-76, like the declaration, empowers the Association to suspend the right of use of "common elements." Therefore, the trial court was authorized to find that the exterior water spigots were common elements, the use of which the Association was entitled to enjoin.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 2004 —
RECONSIDERATION DENIED JUNE 28, 2004.

Mark Frantz, *pro se.*
*Weinstock & Scavo, Matthew W. Carlton, Steven M. Winter*, for appellee.