A05A1616. HAWK et al. v. DAIMLERCHRYSLER SERVICES NORTH AMERICA, LLC.
(621 SE2d 828)

BLACKBURN, Presiding Judge.

Elizabeth Hawk and Dale Payne, the borrowers under a contract financing the purchase of a car, appeal the trial court's grant of summary judgment to DaimlerChrysler Services North America, LLC ("Daimler") in Daimler's suit against the borrowers for a deficiency under the contract. The borrowers contend that they did not have proper notice of the hearing for the motion for summary judgment and that material facts remained in dispute. We affirm.

1. OCGA § 9-11-6 (d) provides: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing." Here, the trial court heard Daimler's motion for summary judgment on March 3, 2005. The borrowers' attorney appeared at that hearing and admitted that he received written notice of the hearing in January 2005. On its face, this enumeration is without merit.

2. Without citation to any authority, appellants, on appeal, for the first time, complain that one of Daimler's affidavits was signed by a notary commissioned in Florida, not Georgia. This issue was not raised before the trial court, and "[i]ssues never raised at trial will not be considered for the first time on appeal." (Punctuation omitted.) *Frantz v. Piccadilly Place Condo. Assn.*[1]

Moreover, we note that appellants do not question the authenticity of the affidavit or the Florida notary's attestation or qualifications; they merely challenge the validity of the Florida notary's attestation in Georgia. In any event, there was no error because "[a]n affidavit made out of this State before a notary public of another State, with his seal attached thereto, is receivable in the courts of this State, without further authentication." *Singletary v. Watson.*[2]

3. Appellants also contend that the trial court erred in granting summary judgment to Daimler because material facts remained in dispute. We disagree.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Lau's Corp. v. Haskins.*[3]

So viewed, the record shows that the borrowers entered into a retail installment contract for the purchase of a car financed by Daimler. After the borrowers failed to make payments under the contract, Daimler repossessed the car and sold it at an auction. Daimler then sued the borrowers for the deficiency, i.e., the amount the borrowers owed less the fair market book value of the car, plus

---

[1] *Frantz v. Piccadilly Place Condo. Assn.*, 278 Ga. 103, 105 (2) (597 SE2d 354) (2004).

[2] *Singletary v. Watson*, 136 Ga. 241 (2) (71 SE 162) (1911).

[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

attorney fees, interest, and costs. After conducting discovery, Daimler moved for summary judgment, submitting affidavits and supporting documentation. The trial court granted Daimler's motion, relying on Daimler's affidavits and supporting documentation, and appellants' failure to respond as required by law.

The borrowers contend that the trial court erred because there were material facts still in dispute, i.e., the value of the car, and that the case was pending in arbitration. Daimler's affidavits and documentation showed the value of the car, the remaining debt, and that the case was not pending in arbitration. The borrowers' response to Daimler's affidavits and supporting documentation was a three-page brief containing only conclusory denials and allegations lacking any affidavits or other supporting evidence. Under OCGA § 9-11-56 (e),

> [w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial.

See *Lau's Corp.*, supra. The borrowers failed to meet their burden; therefore this enumeration has no merit. The trial court did not err in granting Daimler's motion for summary judgment.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 4, 2005.

*Walter E. Baker*, for appellants.
*Andrew R. Bickwit*, for appellee.