THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
David Paul Cordle, Appellant.
 
 
 

Appeal from Greenville County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2005-UP-544
Submitted October 1, 2005  Filed October 12, 2005
   

 AFFIRMED

 
 
 
Aileen P. Clare, of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe all of Columbia;  and  Solicitor Robert M. Ariail of Greenville, for Respondent.
 
 
 

PER CURIAM: David Paul Cordle appeals his conviction of failure to stop for a blue light on the basis of an improper jury charge.  We affirm.[1]
FACTS
On August 23, 2002, David Cordle, while driving his vehicle, passed Sergeant Rodney Turner and Investigator Wendy Alley on Highway 14 in Greenville County.  The posted speed limit on Highway 14 was 45 miles per hour, but Cordle appeared to be traveling at a significantly higher rate of speed.  Sergeant Turner and Investigator Alley, of the Greenville-Spartanburg Airport Police, followed and paced Cordle for approximately two miles, eventually determining that the defendant was traveling between 62 and 65 miles per hour.  
Sergeant Turner turned on the vehicles blue lights and siren, but Cordle refused to stop.  Instead, he increased his speed to over 70 miles per hour.  Cordle was forced to stop about 1 ½ miles due to heavy traffic at an intersection.  When Sergeant Turner approached Cordles car, he asked him to either roll down the window completely or get out of the car.  Cordle refused.  Cordles window was rolled down just far enough for Sergeant Turner to stick his hand through in an attempt to turn off the engine and retrieve the keys.  Once Sergeant Turner placed his hand in the car window, Cordle grabbed his fingers and rolled-up the window on Sergeant Turners arm.  They struggled, and Sergeant Turner freed his arm.  Investigator Alley opened the car door and removed Cordle from his vehicle.  Sergeant Turner and Investigator Alley placed him under arrest.  
A jury found Cordle guilty on one count of failure to stop for a blue light.  He was sentenced to 2 years incarceration, which was suspended to 30 days and 2 years of probation.  The circuit court judge allowed Cordle to delay his sentence due to a family medical emergency.  The judge warned Cordle that his sentence would be reconsidered if he did not report as ordered.  Cordle did not report as required, and he was apprehended in Alabama a few months later.  The circuit judge reviewed Cordles record, and revoked his probation on prior charges.  Prior probation was revoked because Cordle tested positive for methamphetamine, was in arrears regarding his supervision fee, was terminated from the offender treatment program for failure to submit a urine screen and failure to attend class, and was terminated from another treatment program for noncompliance with attendance requirements.  Based on Cordles behavior, the circuit court judge sentenced him to three years of incarceration.  
STANDARD OF REVIEW 
 When reviewing jury charges for error, the appellate court must consider the jury charge as a whole in light of the evidence and issues presented at trial.  State v. Todd, 290 S.C 212, 349 S.E.2d 460, 464 (Ct. App. 2003).  State v. Adkins, 353 S.C. 312, 577 S.E.2d 460, 464 (Ct. App. 2003). If the charge as a whole is reasonably free from error, isolated portions of the charge which might be misleading do not constitute reversible error.  Keaton ex rel. Foster v. Greenville Hosp. Sys.,  334 S.C. 488, 497, 514 S.E.2d 570,575 (1999); Cole v. S.C. Elec. & Gas, Inc., 355 S.C. 183, 191, 584 S.E.2d 405,410 (Ct. App. 2003).  This court must determine whether there is a reasonable likelihood the jury applied a challenged reasonable doubt instruction in a manner that violates the Constitution.  State v. Alesky, 343 S.C. 20, 538 S.E.2d 248, 251 (2000).   
DISCUSSION
I.                 
Jury Instruction 
Cordle argues that the circuit courts jury instruction regarding reasonable doubt unconstitutionally shifted the burden of proof which caused the jury to apply a reduced burden of proof.  We disagree. 
Due process does not require that any particular type of words be used to advise the jury of the governments burden of proof, provided the trial court properly instructs the jury that the defendants guilt must be proved beyond a reasonable doubt.  Victor v. Nebraska, 511 U.S. 1,5 (1994).  Jury instructions are required to correctly communicate the concept of reasonable doubt and nothing more.  Id.  Proof beyond a reasonable doubt is required in criminal cases by due process; however, trial courts are not required to define reasonable doubt.  Victor, 511 U.S. 1,5; see also State v. Adams, 322 S.C. 114, 470 S.E.2d 366 (1996) (trial judge has the discretion to refuse to define reasonable doubt). 
Jury charges should be examined in their entirety when analyzing whether a defendants due process rights have been violated.  Todd v. State, 355 S.C 396, 585 S.E.2d 305, 308 (2003).  When read as a whole, a jury charge must be substantially correct and cover the law.  Adkins, 577 S.E.2d at 463.  The substance of the law must be covered in the jury charge.  Id.  The court instructed the jury:

Now in a criminal prosecution of this type as I have said several times, the state, the prosecution fully has the burden of proof. The defense has no burden of proof in these cases.  In this state, according to our laws, the prosecution must prove its case to the standard of proof we call beyond a reasonable doubt before a finding of guilt may occur.  If the state fails to meet this high burden, and it is a high burden, the defendant is entitled to acquittal. 
So to that you say, well, then what is a reasonable doubt? It is not an imaginary, or a fanciful doubt, or a weak doubt.  It is a substantial doubt.  It is a doubt which the words imply, a doubt for which you can give or assign a reason based on the testimony and the evidence in the case.  A reasonable doubt is not any sort of a doubt you and I know from everyday life experiences. We may have a doubt about any sort of matter no matter how trivial it may be, what tie to wear, what clothes to wear on any occasion. What would I saythats not a reasonable doubt. 
What a reasonable doubt is is [sic] a doubt which makes an honest sincere, conscientious juror in search of the truth hesitate to act.   Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendants guilt.  If you have a doubt for which you can give or assign a reason as to the guilt of the defendant then he is entitled to a verdict of not guilty. 

(R. 142-143). 
The language from the jury charge, a doubt which makes an honest, sincere, conscientious juror in search of the truth hesitate to act, and a doubt for which you can give or assign a reason, has been upheld as Constitutional by this appellate court.  State v. Needs, 333 S.C. 134, 508 S.E.2d 857, 866-67 (1998).   The judge repeatedly informed the jury that the state, not the defense, bore the burden of proof.  The court properly instructed the jury regarding the reasonable doubt standard by informing the jury that the state had to prove the defendants guilt beyond a reasonable doubt.  The circuit court did not err in its jury instruction.  
CONCLUSION
Accordingly, Cordles conviction and sentence are
 AFFIRMED.
ANDERSON, HUFF and WILLIAMS, JJ., concur  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.