## S09A1255. CENTURY BANK OF GEORGIA v. BANK OF AMERICA, N.A. et al.

(685 SE2d 82)

MELTON, Justice.

Century Bank of Georgia appeals from the entry of an injunction requiring it to pay $215,470.81 into the registry of the Superior Court of Gordon County, contending that the injunction was not authorized because any party with a potential claim against Century Bank has an adequate remedy at law. For the reasons that follow, we reverse.

Although the issue raised on appeal primarily concerns Century Bank and Bank of America, N.A. ("Bank of America"), some additional facts involving other entities are useful to place the current appeal in its proper context. By way of background, the record reveals that Justin Dodge-Chrysler-Jeep, LLC ("Justin Dodge") is a debtor of Bank of America, and that Justin Dodge held certain monies in Century Bank bank accounts. Justin Dodge entered into certain consent orders with Bank of America — orders issued by the Superior Court of Gordon County — that purportedly granted a Bank of America subsidiary[1] the authority to take control of Justin Dodge's assets. Although Century Bank was not a party to any of the litigation between Justin Dodge and Bank of America, Century Bank placed a hold on Justin Dodge's Century Bank accounts after it received notice of one of the court orders that allowed Bank of America to control Justin Dodge's assets. On November 13, 2008, the Gordon County Superior Court issued an order stating that Bank of America was allowed to withdraw all monies held in Justin Dodge's Century Bank accounts. Again, however, Century Bank was not a party to the proceedings that led to the issuance of this order.

Meanwhile, Century Bank had an independent lending relationship with Justin Dodge. Justin Dodge was a guarantor for a loan that Century Bank had extended to Hacias Holdings, LLC.[2] Under the loan agreement, Justin Dodge would be in default under the agreement if it declared bankruptcy, was insolvent, or failed to make a scheduled payment. At the time that the Gordon County Superior Court issued its November 13, 2008 order in the Justin Dodge/Bank of America litigation, Justin Dodge had declared bankruptcy, was insolvent, and was late on its November payment under its loan agreement with Century Bank. When Bank of America presented the November 13 order to Century Bank that allegedly gave Bank of

---

[1] For ease of reference, the Bank of America subsidiary will simply be referred to as "Bank of America" as well.

[2] The principal member of Hacias Holdings, LLC, Todd D. Hacias, is also the principal member of Justin Dodge.

America control of all of the assets in Justin Dodge's Century Bank accounts, Century Bank decided to set off the guaranteed debt that Justin Dodge owed to it ($215,470.81) by transferring to itself that portion of the money from the accounts.

When Bank of America demanded that Century Bank comply with the November 13 order and turn over the money that Century Bank had set off, Century Bank filed a motion in the Gordon County Superior Court to set aside, vacate, or dissolve the court's prior orders to the extent that they purported to be binding on Century Bank. Bank of America responded by moving to have Century Bank joined as a party to the Justin Dodge/Bank of America litigation. On January 29, 2009, the Superior Court granted Century Bank's motion, finding that Century Bank, as an interested non-party, had not been given proper notice and an opportunity to be heard such that the Superior Court's orders involving Bank of America and Justin Dodge could be enforced against it. Further, however, the Superior Court granted Bank of America's motion requesting that Century Bank be made a party to the Justin Dodge/Bank of America proceedings. The trial court then ordered, sua sponte, that Century Bank pay $215,470.81, the money that Century Bank had previously set off, into the court registry so that the money could remain there until such time as the question of who had a superior interest in the Justin Dodge bank accounts, Century Bank or Bank of America, could be fully litigated and resolved.

1. "A trial court may not grant equitable relief if a party has an adequate remedy at law." (Footnote omitted.) *Housing Authority v. MMT Enterprises, Inc.*, 267 Ga. 129 (1) (475 SE2d 642) (1996). See also OCGA § 23-1-4 ("Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law"). In this regard, "creditors without liens may not, as a general rule, enjoin their debtors from disposing of property nor obtain injunctions or other extraordinary relief in equity." OCGA § 9-5-6.[3] Here, pretermitting the question whether Century Bank or Bank of America has a superior security interest in the former Justin Dodge bank accounts,[4] as a potential creditor without a lien, Bank of America has an adequate remedy at law in this case. Specifically, because Justin Dodge no longer has access to the Century Bank

---

[3] We note that the exceptions to the general rule regarding creditors without liens do not apply to this case. See *The Albany and Rensselaer Iron and Steel Co. v. The Southern Agricultural Works*, 76 Ga. 135, 169 (3) (1886) (Exceptions to general rule include, "for instance, . . . the insolvency of the debtor, who, it is alleged, has fraudulently transferred his property to one who is in complicity with him in the fraud, and who is rapidly disposing of the property, or where the property is obtained by fraudulent representations with which the assignee is connected") (citation omitted).

[4] We specifically do not reach this issue, as it is a matter to be addressed by the trial court.

accounts and cannot remove any funds from the accounts, and because Bank of America could be awarded a judgment of $215,470.81 to completely compensate it for any loss resulting from Century Bank's removal of funds from the former Justin Dodge bank accounts, Bank of America has an adequate and complete remedy at law here. *Prosser v. Hancock Bus Sales*, 256 Ga. 399 (2) (349 SE2d 460) (1986). See also *Housing Authority*, supra, 267 Ga. at 129 (1) (contractor had adequate remedy at law where it could obtain money damages for alleged breach of contract). Accordingly, the trial court abused its discretion in ordering Century Bank to deposit $215,470.81 into the court registry. *Prosser*, supra, 256 Ga. at 399 (2); *Housing Authority*, supra, 267 Ga. at 129 (1).

2. In light of our disposition in Division 1, we need not address Century Bank's remaining contentions.

*Judgment reversed. All the Justices concur, except Benham, J., disqualified.*

DECIDED NOVEMBER 2, 2009.

*Sponcler & Tharpe, Richard W. Andrews*, for appellant.
*Miller & Martin, William A. DuPre IV, Paul M. Alexander, James F. Ledbetter*, for appellees.