S10A2072. NASHVILLE RESTAURANT MANAGEMENT, LLC v. GWINNETT COUNTY et al.

(706 SE2d 451)

HUNSTEIN, Chief Justice.

In March 2010, after a large sinkhole opened on its Gwinnett County property,[1] Waheguru Holdings, LLC brought suit against appellee Gwinnett County seeking damages and injunctive relief. The trial court visited the site and held a hearing on May 6, 2010, which representatives of appellant Nashville Restaurant Management, LLC also attended. Although appellant was not at that time a party to the proceedings, it has an interest in the property adjacent

---

[1] At the time of the order being appealed, the sinkhole was approximately 100 feet long, 40 feet wide and more than 20 feet deep.

to Waheguru's property;[2] appellant's property was also adversely affected by the sinkhole. The following day, May 7, 2010, the trial court entered two orders. The first order added appellant and the others having an interest in appellant's property as parties.[3] See OCGA §§ 9-11-19 (a), 9-11-21. The second was an emergency order in which the trial court directed the County to take certain remedial actions, such as restoring the stormwater drainage systems and filling in the sinkhole; appellant and the others having an interest in appellant's property were ordered to bear a third of the total cost of these remedial actions, with the County and Waheguru each responsible for its own third of the costs.[4]

Appellant filed this appeal[5] in which it asserts that the trial court erred by entering the emergency order on the same day appellant was added as a party such that appellant did not receive notice and have an opportunity for a hearing where it, as a party to the proceedings, could have voiced its objections.[6] We agree and reverse. OCGA § 9-11-1 provides that the Civil Practice Act "governs the procedure in all courts of record of this state in all actions of a civil nature whether cognizable as cases at law or in equity." There is no question that the trial court violated the notice and hearing requirements of the Civil Practice Act by imposing obligations on appellant, in regard to the equitable relief the trial court had fashioned, on the same day appellant was added as a party and without notice and benefit of a hearing. See, e.g., OCGA §§ 9-11-4, 9-11-8, 9-11-65 (a) (1). These procedural requirements of the Civil Practice Act are not abrogated by OCGA § 23-1-17,[7] cited by the County, which addresses the scope of an individual's notice of an equity in order to determine

---

[2] The trial court's orders and appellant's brief conflict as to the nature of appellant's interest in the property. Moreover, the trial court in its orders states that other entities, possibly including some not currently identified, also have an interest in that same property. For convenience, we will refer to it as appellant's property.

[3] These others are not parties to this appeal.

[4] It is uncontroverted that, at the time of the entry of the emergency order, no party had yet been adjudged responsible for any acts or omissions that created the sinkhole; hence, the trial court's apportionment of the damages to repair the sinkhole was not based upon a determination of the individual liability, if any, of the parties.

[5] Although the County contends appellant's direct appeal should be dismissed, this contention is based on the meritless argument that the emergency order here did not constitute an injunction, which is directly appealable, OCGA § 5-6-34 (a) (4), merely because the emergency order did not provide Waheguru with the precise injunctive relief it sought in its complaint.

[6] As noted above, the hearing on the matter took place the day *before* appellant was added as a party.

[7] OCGA § 23-1-17 provides that "[n]otice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. Ignorance of a fact due to negligence shall be equivalent to knowledge in fixing the rights of parties."

who takes subject to that equity. See OCGA § 23-1-16.

Although appellant also argues that the trial court erred by ordering it to reimburse the County for a third of the remediation costs because the County has an adequate remedy at law, see, e.g., *Century Bank of Georgia v. Bank of America, N.A.*, 286 Ga. 72 (1) (685 SE2d 82) (2009), in light of our disposition above, we need not address this enumeration.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Johnson, Hobgood & Rutherford, Thomas T. Hobgood, David A. Rutherford*, for appellant.

*Karen G. Thomas, Michael V. Stephens II, Forrest S. Fields, Jr., Anderson, Tate & Carr, Thomas T. Tate, Ryan D. Worsley*, for appellees.