S12A1896. McGLASHAN v. SNOWDEN et al.
(738 SE2d 619)

BENHAM, Justice.

Appellant Peter McGlashan and appellee Terrell Snowden own adjacent lots of real property of 22.11 and 26.173 acres, respectively, in the Millwood Plantation development in Ware County, Georgia. McGlashan contracted to build a home on his lot and took exclusive possession of the completed home shortly after July 16, 2010. In March-April 2011, McGlashan discovered that his home was constructed on the lot owned by Snowden, encroaching 1.11 acres onto Snowden's lot. After being informed by McGlashan of the encroachment, Snowden filed a complaint for ejectment, seeking to recover possession of his lot and the dwelling house and improvements located on it as well as damages for trespass, and seeking to be awarded fee-simple title to the home and improvements.[1] McGlashan filed a counterclaim in which he raised an equitable claim for unjust enrichment and sought permission to remove the home and improvements from Snowden's lot. McGlashan also filed a third-party complaint against the builders of the home, seeking to recover from them

---

[1] It is undisputed that Snowden, living in Florida, had no knowledge of the construction on his property until McGlashan informed him of the encroachment. Compare *Ga. Railroad & Banking Co. v. Hamilton*, 59 Ga. 171 (1877) (railroad was estopped from denying Hamilton's title and recovering Hamilton's house since officials knew Hamilton was building on railroad land and did not object, and Hamilton acted in good faith).

the full value of McGlashan's loss should he lose the ejectment action or the cost of removing the dwelling and improvements from Snowden's lot should McGlashan prevail and be permitted to take such action. After a hearing, the trial court granted summary judgment to Snowden. McGlashan appealed the judgment to this Court.

The sole issue on appeal is whether the trial court erred when it granted summary judgment to Snowden on McGlashan's counterclaim for equitable unjust enrichment.[2] We disagree with McGlashan's contention that the trial court erred. "Equity will grant relief only where there is no available adequate and complete remedy at law" (*Cantrell v. Henry County*, 250 Ga. 822 (1) (301 SE2d 870) (1983)), and "[t]he availability of money damages affords . . . an adequate and complete remedy. . . ." *Besser v. Rule*, 270 Ga. 473, 475 (510 SE2d 530) (1999). McGlashan's third-party complaint against the allegedly-negligent builders of the home seeks monetary damages for McGlashan's loss of the home should he lose the ejectment action filed by Snowden. Since McGlashan could recover money damages from the builders in this action, it would be inappropriate for the trial court to grant him equitable relief. See *Coleman v. Retina Consultants*, 286 Ga. 317 (3) (687 SE2d 457) (2009). See also *Century Bank of Georgia v. Bank of America, N.A.*, 286 Ga. 72 (1) (685 SE2d 82) (2009). Accordingly, the trial court did not err when it granted summary judgment to Snowden on McGlashan's counterclaim seeking equitable relief.

*Judgment affirmed. All the Justices concur, except Nahmias and Blackwell, JJ., who concur in judgment only.*

DECIDED FEBRUARY 18, 2013.

*Thomas & Settle, W. Vincent Settle III*, for appellant.
*M. Katherine Durant, Joseph R. Johnson, Jr.*, for appellees.

---

[2] For this reason, we do not in any way address the propriety of the trial court's rulings on other matters such as the proper ownership of the home in question or McGlashan's alleged "good faith" in building the home in a manner that encroached upon Snowden's property. See, e.g., *Small v. Irving*, 291 Ga. 316 (729 SE2d 323) (2012); OCGA § 44-11-9 (a).